### INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

v.

### KOONTZ-WAGNER ELECTRIC CO., Inc.

Civ. No. 1475.

United States District Court N. D. Indiana, South Bend Division.

June 10, 1955.

Jones, Obenchain & Butler, South Bend, Ind., for plaintiff.

Slaymaker, Locke & Reynolds, Indianapolis, Ind., John W. Niemiec, South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action seeking recovery on a contractual indemnification tried to the court on a written stipulation of the facts, and it is the cause on the merits which now solicits the decision of this court.

The core question concerns the rights of the parties under clause 13 of the purchase order of May 20, 1948, the pertinent part of which reads as follows:

"If this order covers the performance of labor at the Buyer's plants or if the performance of labor by Seller at the Buyer's plants results from or is incident to Seller's supplying the articles, material and/or work covered by this order, the Seller agrees to indemnify and protect the Buyer against all liabilities, claims or demands for injuries or damages to any person or property growing out of the performance of this order whether such liabilities, claims or demands grow out of the negligent act of the Buyer or the Buyer's agent, or otherwise."

The Buyer is the plaintiff's assured, The Studebaker Corporation, to the rights of which the plaintiff is subrogated, and the Seller is the defendant, Koontz-Wagner Electric Company, Inc.

Under the stipulation of facts upon which this cause was submitted, the plaintiff is entitled to recover unless the defendant is correct in its contentions, or either one of them, that:

**1.**

"The claim sued upon by the plaintiff was not one 'growing out of the performance' of the contract for which the indemnity agreement was given.

**2.**

"The contract provides for indemnification against negligence of The Studebaker Corporation and is therefore void and invalid in Indiana because it is contrary to public policy."

Under the agreed facts contained in stipulations 7 and 8, we have no alternative but to hold that Roy Todd, an employee of the defendant, was injured in the course of his employment for the defendant on the premises of The Studebaker Corporation; that he was injured when a scaffold, belonging to the defendant, on which he was engaged in the performance of work covered by the purchase order, was struck by a finger lift truck owned by The Studebaker Corporation and operated by one of its employees, causing Roy Todd to fall to the floor, and that Roy Todd sustained his injuries growing out of the performance of the purchase order. In context of clause 13, to say that Roy Todd sustained his injuries while engaged in the performance of the work covered by the purchase order is just the same as saying that Roy Todd sustained his injuries growing out of the performance of the

purchase order. The contention of the defendant to the contrary is simply an attempt to make a distinction, but we hold it to be a distinction without a difference.

The assertion that under the law a party may not contract against his own negligence *is an incomplete statement of the law.* We believe it to be the law and we so hold that a contract of indemnity which indemnifies the indemnitee against loss by reason of personal injuries of employees of the indemnitor resulting from negligence of the indemnitee or his employees is not contrary to public policy and such an indemnitor is liable under such a contract of indemnification if the contract expressly provides therefor and is broad enough to cover injuries so caused.

We are in complete accord with the holding of our Seventh Circuit Court of Appeals in North American Ry. Const. Co. v. Cincinnati Traction Co., 172 F. 214, that it does indeed take clear language to show that a contract of indemnity was intended to cover accidents, the proximate cause of which is the negligence of the party indemnified but clause 13 of the purchase order in clear, unambiguous and simple language provides that the defendant agreed to indemnify and protect The Studebaker Corporation

"against all liabilities, claims or demands for injuries or damages to any person or property growing out of the performance of this order *whether such liabilities, claims or demands grow out of the negligent act of the buyer* (The Studebaker Corporation) *or the buyer's agent, or otherwise.* (Our emphasis.)

We, therefore, hold that the purchase order does clearly and unequivocally provide that it not only intended to but it did in clear and distinct terms indemnify The Studebaker Corporation against injuries to Roy Todd resulting from the negligence of an employee of The Studebaker Corporation; that such provision is not contrary to public policy and is enforceable; that the plaintiff is entitled to recover from the defendant the sum of $5,948.29 with interest at the rate of 6% per annum from March 20, 1952, together with its costs.

Findings of fact and conclusions of law in accord with this opinion are filed herewith and the clerk of this court is ordered to enter judgment for the plaintiff forthwith accordingly.