Gust K. Newberg Construction Co., a Corporation, Assignee of Metropolitan Fair and Exposition Authority, a Public Corporation, Appellant, v. Fischbach, Moore & Morrissey, Inc., and Indemnity Insurance Company of North America, Appellees.

**Gen. No. 49,120.**

First District, Third Division.
January 30, 1964.
Rehearing denied March 9, 1964.

Peterson, Lowry, Rall, Barber & Ross, all of Chicago (Harold W. Huff, John W. Gilligan and Thomas K. Peterson, of counsel), for appellant.

Vogel & Vogel, of Chicago (L. H. Vogel and Albert F. Manion, of counsel), for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Gust K. Newberg Construction Co. (hereafter referred to as Newberg) brought an action for declaratory judgment in the Superior Court of Cook County against Fischbach, Moore & Morrissey, Inc. (hereafter referred to as Fischbach), and its insurer, Indemnity Insurance Company of North America. The defendants appeared and filed a joint motion to strike and dismiss the amended complaint of Newberg on the grounds that it was insufficient in law and failed to state a cause of action. The court, after having heard the argument of counsel for the respective parties, allowed the motion and ordered the complaint stricken and dismissed with prejudice. Judgment was entered against Newberg. From this judgment of the court Newberg brings this appeal.

The case grew out of certain contracts entered into in January of 1959 for the construction of McCormick Place, a convention hall on the lake front in the City of Chicago. The owner, Metropolitan Fair and Exposition Authority (hereafter referred to as Metropolitan), entered into separate contracts with Newberg as general contractor and Fischbach as the electrical subcontractor. Included in both contracts were provisions for assignment. Pursuant to such provisions, Metropolitan assigned to Newberg all of its right, title and interest in the contract with Fischbach, and all the rights and obligations of the contractor to the owner. Fischbach accepted the assignment.

Subsequent to the execution of these agreements the construction of McCormick Place commenced and Fischbach entered into the performance of its work at

the building site. In this work Fischbach employed one John C. Schroder. This employee subsequently filed an action against Newberg in the Superior Court of Cook County alleging that he had been injured at the McCormick Place jobsite when he fell off a plank scaffold. Schroder brought his action under the Structural Work Act (Ill Rev Stats 1963, c 48, §§ 60–69), commonly referred to as the Scaffold Act. Schroder in his complaint charged Newberg with a number of alleged violations of the Act relative to the maintenance, supervision and use of the scaffolding involved in the plaintiff's injury. Upon being presented with the claim of Schroder, Newberg demanded that Fischbach assume responsibility for and liability for such claim and that Fischbach protect and defend Newberg on the theory that Fischbach had obligated itself so to do by its agreement. Fischbach refused the demand.

Newberg then filed its Complaint for Declaratory Judgment praying that the court find that under the terms of the contract an obligation existed on the part of Fischbach to "indemnify" Newberg against the claim of Schroder; that there was an obligation on the part of Fischbach to defend plaintiff in the action brought by Schroder against Newberg; that the plaintiff is entitled to reimbursement from Fischbach for monies expended in the defense of the action filed by Schroder.

It was also prayed that the same findings be entered with reference to the defendant, Indemnity Insurance Company of North America. Whatever duty was imposed upon the insurance company was a duty arising out of Fischbach's contract, and so we will discuss the matter as though the suit were applicable only to Fischbach.

Newberg, in its complaint for declaratory judgment, set out certain provisions of the contract between Metropolitan and Fischbach, together with the assign-

ments heretofore referred to. In the original General Conditions of the contract between Metropolitan and Fischbach we find the following provision:

"The Contractor hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatever (including death resulting therefrom) to all persons, whether employees of the Contractor or otherwise and to all property, caused by, resulting from, arising out of, or occurring in connection with the execution of the Work provided for in this Contract in excess of the limits and coverage set forth in paragraphs a. and b. of this Article 1-09."

Fischbach further agreed in its contract to furnish "all of the labor, materials, equipment, transportation, construction plant and facilities, required for, and shall perform all of the work for the completion of Electrical Work including Alternates 10-6, 10-10 and 10-11 shown on the drawings and described in the specifications . . . ."

That contract also provided that "The Contractor shall furnish, erect, maintain and move all scaffolding required for his work. All scaffolding shall be constructed and maintained in accordance with all applicable state and federal laws and local ordinances. Scaffolding shall be promptly removed after its purpose has been served."

In its complaint Newberg alleged that pursuant to the obligation imposed by its contract Fischbach entered into the performance of work at the location specified, and in the course of said work employed Schroder as its employee; that the work described in Schroder's complaint was work covered by the contract, and that Schroder, in the performance of his work, was performing work pursuant to the contract of Fischbach; that by virtue of the assignment of the

241

contract Newberg stands in the shoes of Metropolitan; and that Fischbach is obliged to defend and protect Newberg from any and all liability arising out of the alleged injury to Schroder. It is further alleged in the complaint that under the provisions of the contract Fischbach agreed to secure insurance insuring it against liability arising out of a breach of the conditions of said contract, and that in accordance with that requirement Fischbach obtained from Indemnity Insurance Company of North America certain policies purporting to insure Fischbach in the amount of $1,000,000 covering the contract obligation as alleged; that Newberg has demanded that both Fischbach and the insurance company defend it in the action filed by Schroder, and that both of them refused.

In this court the plaintiff contends that the amended complaint for declaratory judgment states an adequate basis for relief, and that the trial court erred in dismissing the action.

Fischbach here contends that under the contract it is not obliged to defend or indemnify Newberg against the suit brought by Schroder since the contract provisions merely obligated Fischbach to provide its own insurance coverage. In his complaint against Newberg Schroder alleged, among other things, that Newberg was "in charge of work being performed on said construction." There is no clear allegation in that complaint that Newberg was in charge of the scaffolding which was being used by Schroder as an employee of Fischbach.

In the amended complaint for declaratory judgment filed by Newberg it is alleged that Fischbach had entered into the performance of work at the specified location and had employed Schroder to perform certain of such work. It is further alleged that the work described in Schroder's complaint is "the work covered

242

by the contract above referred to and that said John C. Schroder, in the performance of his work, was performing work pursuant to the contract of defendant Fischbach . . . ."

Since this appeal is taken from an order of the trial court granting a motion to strike and dismiss Newberg's complaint, all facts well pleaded in the complaint must be taken as true. 30 ILP Pleading, § 188; Bottorff v. Spence, 36 Ill App2d 128, 183 NE2d 1. In the complaint Newberg alleged that when Schroder was injured he was engaged in the performance of duties for his employer which constituted part of the work Fischbach had bound itself to do by virtue of the contract with Metropolitan. This allegation must therefore be taken as true.

The contracts between Metropolitan and Newberg and Metropolitan and Fischbach had certain alterations made in them prior to their execution. Originally, the parties contemplated that all insurance coverage would be provided by the owner, Metropolitan, and that such coverage would protect all contractors and subcontractors up to stated dollar limits. Beyond the stated limits each contractor and subcontractor was to provide his own insurance protection with respect to risks arising in connection with the performance of work required by the contract. Subsequently, the owner, the general contractor and all subcontractors agreed to an alternative method of insuring the construction work. Pursuant to this arrangement the general contractor and each subcontractor were awarded an additional sum over and above the contract price of the work, the extra amount being intended to apply for payment of the necessary premium so that each contractor might undertake to insure all risks arising from his own operations as called for under the contract. This change was effected by adding the premiums on to the agreement drawn

243

up with each individual contractor and by amending Article 1-09 of the General Conditions by means of an addendum which reads as follows:

"Page 1-5 Article 1-09.

Add the following paragraph e.:

Solely as respects the Alternate Proposal relative to Article 1-09, the words 'in excess of the limits and coverage set forth in paragraphs a., and b., of this Article 1-09', shall be stricken from paragraph e. of Article 1-09."

In the view we take of this case, the only question which this court must determine is the meaning of the indemnity clause contained in the contract between Metropolitan and Fischbach, which contract was assigned to Newberg. A contract by virtue of which a contractor agrees to indemnify the owner, or a subcontractor agrees to indemnify the owner or general contractor against loss, cost or expense arising from any accident to any person occasioned by the operations of a contractor or subcontractor, respectively, is held to be valid and not in violation of public policy (Griffiths & Son Co. v. National Fireproofing Co., 310 Ill 331, 141 NE 739), nor is any such claim made here. (See Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785.)

We are then squarely presented with the question as to whether or not the indemnity clause here before us would be sufficiently broad to cover any damages which might be suffered by any person because of the negligence of Newberg. We think that Newberg under this agreement is covered, even though the negligence causing the accident was his negligence. We are aware that it has been held in this State that an indemnity contract will not be construed as indemnifying one

244

against his own negligence unless there is clear language in the contract so providing. Mr. Justice Solfisburg in Gay v. S. N. Nielsen Co., 18 Ill App2d 368, at 374, 152 NE2d 468 says: "An indemnity contract or contract provision is to be construed like any other contract, and the primary rule of construction is to seek to ascertain the intention of the parties as revealed by an examination of the entire contract . . . [citing cases]. Unless a contract is ambiguous, its meaning must be determined from the words used . . . [citing cases]."

In Northern States Co., Inc. v. A. Finkl & Sons Co., 8 Ill App2d 419, 132 NE2d 59, the indemnity clause provided that "the Contractor shall be responsible for any and all injury due to damage to any person and/or property, . . . *arising directly or indirectly* from or in connection with work performed or to be performed under this contract, including extra work, and shall hold the Owner harmless of any and all loss or damage from such injury," (italicized in original) and the court held that such clause was sufficient to cover injury to an employee of plaintiff allegedly injured as a result of defendant's negligence.

In Russell v. Shell Oil Co., 339 Ill App 168, 89 NE2d 415, the contract provision was as follows: "CONTRACTOR shall hold SHELL harmless from any and all claims for injury (including death), to persons (including CONTRACTOR'S agents and employees), or damage to property (including CONTRACTOR'S property), resulting from or arising in connection with any of CONTRACTOR'S operations," and in that case the court held that negligence on the part of either the contractor or owner did not enter into the proper construction of the contract or indemnity since the injury resulted or arose in connection with contractor's operations against which he agreed to hold the defendant harmless.

In De Tienne v. S. N. Nielsen Co., 45 Ill App2d 231, 195 NE2d 240, opinion filed November 27, 1963, the provision in the contract was "The Subcontractor shall indemnify and save the Owner, Architect and General Contractor harmless against any and all claims for damages to persons, caused directly or indirectly or occasioned by the execution of the work included in this order . . . ."

The plaintiff sued Gateway Erectors, a subcontractor, for injuries received while working on a housing project for which Nielsen was the general contractor. Nielsen brought a third party complaint. The court interpreted the contract as requiring Gateway to indemnify Nielsen and said that the addition of the words "or occasioned by" was sufficient to show that Gateway had assumed full responsibility for injuries for which the execution of the work presented a stage upon which casual agencies could act. The injury to the plaintiff was caused by Nielsen's negligence, but nevertheless, the contract was broad enough to require that Gateway should hold Nielsen harmless. See also Shell Oil Co. v. Foster-Wheeler Corp., 209 F Supp 931 (ED Ill 1962).

The provisions in the indemnity contract were broad enough to require that Fischbach indemnify Newberg even though the negligence causing the injury was that of Newberg; however, the pleadings can properly be interpreted as alleging that the negligence alleged in Schroder's claim against Newberg was the negligence of Fischbach.

■■ Newberg's complaint against Fischbach alleges that under the obligation imposed by its contract, Fischbach had entered into the performance of the work at the location, and it also alleges that Schroder was an employee of Fischbach. The complaint filed by Schroder against Newberg alleges that the defendant, as general contractor, employed or

utilized the services of Fischbach by whom the plaintiff, Schroder, was employed. During the oral argument before this court, counsel for Fischbach stated that there was no question that Schroder was an employee of Fischbach or that he was working on work which, under the contract, had been assigned to Fischbach, and that it was his impression that the scaffolding on which Schroder was working was the scaffolding of Fischbach. The trial court therefore erred in dismissing the complaint of Newberg. Under the indemnity contract before us, in case Schroder succeeds in his suit against Newberg, it would be incumbent upon Fischbach to indemnify Newberg for any judgment which might be rendered against it, together with costs and attorney's fees. We do not, however, think that under this contract the court could enter an order requiring Fischbach to defend the suit brought by Schroder against Newberg. That is a matter which would rest in the sound discretion of Fischbach.

The judgment of the Superior Court of Cook County is reversed and the cause is remanded with directions to overrule defendants' motion to strike the amended complaint, to require the defendants to file their answer within a time to be set by the court, and for such further proceedings as are not inconsistent with the views expressed in this opinion.

Reversed and remanded with directions.

SCHWARTZ, P. J. and DEMPSEY, J., concur.