GENERAL ACCIDENT AND FIRE ASSURANCE CORPORATION *v.* THE NEW ERA CORPORATION.

[No. 20,406. Filed January 24, 1966.
Rehearing denied February 23, 1966.]

*G. Edward McHie, William J. Moran* and *Peters, McHie, Enslen & Hand,* of counsel, of Hammond, for appellant.

*Dale E. Custer* and *Stults, Custer & Kuzman,* of Gary, for appellee.

MOTE, J.—The case appealed herein was initiated by appellant, General Accident and Fire Assurance Corporation (hereinafter referred to as General Accident), as subrogee of The Austin Company, against appellee, New Era Corporation (hereinafter referred to as New Era), to recover an amount paid to Charles McBride, an employee of New Era, under the indemnity provisions of a contract between The Austin Company and New Era Corporation.

The Austin Company, as general contractor on a construction project at Inland Steel Company Plant at Indiana Harbor, Indiana, entered into a writen contract with appellee,

New Era, as a subcontractor. The contract contained certain indemnity agreements whereby appellee agreed to indemnify Austin Company.

There are two indemnity provisions found in the contract, the first of which, appearing at page 3 of the said contract, in pertinent part reads as follows:

## "Article XII   INSURANCE

(a)   . . . It (New Era) also agrees when required by law, to make payments to Subcontractors and employees or their dependents and to save Contractor harmless from all liability on account of such payments. . . ."

The second provision, found under condition six of the contract and appearing on each page of the purchase order, reads as follows:

"INSURANCE—It is understood that Vendor (New Era) will carry Public Liability, Workmen's Compensation and Property Damage or other necessary insurance and agrees to protect and indemnify The Austin Company against all claims for damages, lawsuits, etc., which may arise in connection with the fulfillment of this Purchase Order. Any limitation of the liability or responsibility of Vendor by provisions of Vendor's delivery tickets or other instruments, shall be entirely ineffective."

The said employee of New Era sued The Austin Company for injuries received in the performance of said contract, and appellant, General Accident, was called upon and did defend The Austin Company in this matter. General Accident made demand upon New Era to assume the defense against the claim of said Charles McBride pursuant to the indemnity agreement, which demand was refused. Said claim was compromised and settled before trial or judgment and General Accident paid Charles McBride the sum of One Thousand, Four Hundred and Ninety-nine ($1,499.00) Dollars. Subsequent to the aforementioned settlement, appellant made demand on appellee for indemnification, which demand was

also refused. General Accident then instituted the suit herein to recover the amount paid to settle said claim, as well as attorney fees.

New Era's demurrer to General Accident's complaint was sustained and appellant moved for a change of venue from Lake County which was perfected to Porter Circuit Court. Again, New Era's demurrer was sustained; and, the appellant, having failed to plead over, judgment was rendered in favor of appellee.

The appellant assigns as error the following:

"1. The Court erred in sustaining appellee's Demurrer to appellant's Complaint."

The appellant asserts that the court erred in two particulars:

First, the theory of the demurrer was that an indemnitee (The Austin Company) cannot recover for his *own negligent acts* unless the agreement so specifically provides, and the trial court went beyond the allegations contained in General Accident's complaint and assumed that General Accident admitted that its subrogor (The Austin Company) was negligent in the injury to New Era's employee. Since there is no allegation in the complaint that The Austin Company was negligent, and because a demurrer must take the complaint as presented and accept the allegations as correct and true for purposes of the pleading, under the theory of the demurrer herein, it should not have been sustained.

Secondly, even if this Court should not accept the above argument, the obvious intent of the parties to encompass all claims which might be brought against The Austin Company, including those arising from the negligence of The Austin Company, was stated positively, specifically and repeatedly and the trial court erred in interpreting the language of the indemnifying provisions of the contract.

In General Accident's first assertion of error it is, in effect, claiming that since the express word "negligence" is

lacking in its complaint, the complaint is not subject to attack by demurrer.

The significant parts of appellant's complaint are as follow:

"2. That on the 26th day of April, 1960, and for some time prior thereto, there existed a policy of insurance issued by the plaintiff to the Austin Company, which insurance policy among other things, provided that the plaintiff would insure said Austin Company against losses sustained by virtue of litigation arising out of its normal business operations.

3. That on the 9th day of February, 1960, said Austin Company, and the defendant entered into a certain agreement, a copy of which is attached hereto, made a part hereof, and marked 'Exhibit A' by the terms of which the defendant in consideration of its employment as a subcontractor, agreed to perform certain tasks for the Austin Company in connection with said Austin Company's employment as a contractor for the Inland Steel Company, and further agreed to protect and indemnify said Austin Company against all claims for damages, lawsuits, etc., which might arise in connection with the fulfillment of said agreement by the defendant.

4. That on the 26th day of April, 1960, one Charles McBride, an employee of the defendant, while performing a task assigned to him by the defendant, was injured by a falling guard rail at the Inland Steel Company Plant at Indiana Harbor, Indiana.

5. That because of his injuries, said Charles McBride brought an action against the Austin Company in the United States District Court for the Northern District of Illinois.

. . .

7. That a settlement was reached in this matter whereby the plaintiff agreed and did pay to said Charles McBride the sum of One Thousand Four Hundred Ninety Nine and No/100 ($1,499.00) Dollars, and received a full release from said Charles McBride."

While it is true that General Accident's complaint did not admit that its subrogor was negligent in the injury of McBride, since the term "negligence," or some form of the term,

was not used, it is our opinion that trial courts are not so naive that they cannot make a determination that, in fact, negligence was involved in light of the language contained in rhetorical paragraph 5 of the complaint above. It seems apparent that General Accident was attempting to skirt the influence and meaning of the action brought by McBride; first, by failing to use the term of negligence or some form thereof, and, second, by his failure to attach to the complaint as an exhibit a copy of McBride's complaint against The Austin Company. This view, we think, is strengthened by the allegation contained in rhetorical paragraph 4, wherein it is alleged that McBride "while performing a task assigned to him by the defendant, (New Era, appellee herein) was injured by a falling guard rail at the Inland Steel Company Plant at Indiana Harbor, Indiana."

When the allegations of appellant's complaint are read as a whole, we conclude that the suit by McBride against The Austin Company to recover for personal injuries was based on negligence and so pleaded in the case before this Court by fair implication and, as such, was properly considered in passing on the demurrer.

Considering General Accident's second assertion of error, we find that both parties to this appeal are in agreement that under an indemnity agreement such as exists between the parties herein the indemnitor (New Era) cannot be held liable for the indemnitee's (Austin Company) negligence unless the agreement *expressly provides* for such *negligence,* or is broad enough to cover injuries caused thereby.

This general rule is stated in 42 C. J. S. Indemnity, § 12, p. 582, 583, as follows:

"d. Liabilities under Construction Contracts. As in other cases, the determination of what losses or liabilities are covered by a contract indemnifying against injuries growing out of the performance of construction contracts depends on the terms of the particular contract, and the

indemnitor will not be held liable where the injury results from the negligence of the indemnitee or his agents unless the contract is broad enough to cover such injuries."

In general, see *Fidelity and Casualty Co. of N. Y.* v. *J. A. Jones Const. Co.*, 325 F. 2d 605, 609 (8th Cir. 1963).

In the case of *Norkus* v. *General Motors Corp.* (1963), 218 F. S. 398, the 7th Circuit being the Southern District of Indiana, alluded to this point as follows:

"A contract of indemnity which purports to relieve the indemnitee of his own negligence is to be strictly construed and will not be held to provide such indemnification unless so expressed in clear and unequivocal terms. . . . As a general rule it is not required that there be an express reference to the negligence of the indemnitee. . . ."

Thus it appears that the question before this Court is whether the language in the provisions of the agreements are broad enough, or specifically or expressly provide that The Austin Company was to be indemnified against its own negligent acts. In other words, a question of interpretation.

Appellant submits as authority the case of *Gust K. Newberg Const. Co.* v. *Fischbach, etc. Inc.* (1964), 46 Ill. App. 2d 238, 196 N. E. 2d 513, which is similar to the factual situation in the case herein. In this case it was held that an indemnity clause whereby an electrical sub-contractor "assumed entire responsibility and liability for any and all damage or injury of any kind or nature whatever to all persons, whether employees of subcontractor or otherwise, caused by, resulting from, arising out of, or occurring in connection with execution of work" was sufficiently broad to cover any damages which might be suffered by any person because of the negligence of the general contractor, and the general contractor would be covered even though the negligence causing the accident to the subcontractor's employee would be the general contractor's negligence.

On the other hand, in the *Norkus* case, *supra,* also similar to the factual situation in the case herein, it was held that

an indemnity agreement which provided for indemnity by a subcontractor "for all claims for damages to property or injuries to persons," including employees of the general contractor and property owner "growing out of the execution of the work" did not provide indemnity for the owner's own negligence which caused injury to subcontractor's employee.

Referring to the above language in the contract in the *Norkus* case, the opinion further stated:

"The language in the instant contract is well adapted to defining the area of application, but not to defining the cause in terms of physical or legal responsibility; the fact that a claim may grow out of the execution of the work whether caused by the negligence of the indemnitee, the indemnitor or a 3rd person, is the very reason why indemnity for the indemnitee's own negligence must be specially, not generally, prescribed."

This seems particularly applicable to the case at bar.

Having carefully considered the indemnity provisions of the above cited authorities, as well as others, it is the opinion of this Court that the indemnity provisions herein are of a general nature and are not specific or broad enough in their language that this Court may declare that it was the intent of the parties that the subcontractor should indemnify the general contractor for claims resulting from The Austin Company's own negligence.

Because the indemnity agreements do not cover the general contractor's own negligence, it is unnecessary for us to further discuss the validity of a provision which does indemnify a general contractor against its own negligence. Upon this point, however, see *Loper* v. *Standard Oil Company* (1965), 138 Ind. App. 84, 211 N. E. 2d 797.

Obviously, in deciding whether or not to sustain the demurrer here in question, the trial court judge was confronted with the same problem of interpretation of these provisions and, finding no abuse of his discretion in deciding as he did,

this Court finds no error in sustaining appellee's demurrer to appellant's complaint.

The judgment of the trial court is affirmed.

Smith, P. J., Bierly and Hunter, JJ., concur.

NOTE.—Reported in 213 N. E. 2d 329.