GENERAL TELEPHONE CO. OF INDIANA *v.* PENN CENTRAL CO.

[No. 1269A244. Filed June 14, 1971.]

*George E. Buckingham, Yoder, Ainlay, Ulmer & Buckingham,* of Goshen, *Douglas B. McFadden, Hugh Tuck Schulhof,* of Indianapolis, attorneys for amicus curiae, Indiana Bell Telephone Co., Inc.

*W. H. Chester,* of Elkhart, for appellee.

WHITE, J.—This is an appeal from the granting of defendant-appellee's (hereinafter Railroad) motion for summary judgment. The action brought by the plaintiff-appellant (hereinafter Telephone) was for damages to Telephone's conduit, cables, wires and facilities which were buried alongside Railroad's tracks. The complaint alleged negligence by Railroad in the operation of a freight train which derailed and caused the damage.

The issue raised by Railroad's motion for summary judgment is whether the indemnity clause in the written license by virtue of which Telephone's facilities were installed and maintained is a bar to this action. In granting defendant Railroad a summary judgment, the trial court impliedly held that the agreement to indemnify was a complete defense. That agreement reads:

> "SIXTH: Second Party [Telephone] shall and will at all times hereafter indemnify and save harmless First Party [Railroad] from and against any and all detriment, damages, losses, claims, demands, suits, costs, or expenses which First Party may suffer, sustain, or be subject to, directly or indirectly, caused either wholly or in part by reason of the location, construction, maintenance, use or presence of said WORK[1] as permitted by this license or resulting from the removal thereof."

That indemnity clause quite obviously contains no express promise by Telephone (here the indemnitor) to indemnify Railroad (the indemnitee) against, or to hold it harmless from, its own negligence. In fact it appears to make no reference at all to damages caused by the operation of trains or by other activities of the Railroad but to speak only of damages caused by Telephone's facilities, their location, construction, maintenance, use, presence or removal.

On authority of *General Accident and Fire Assurance Corporation* v. *The New Era Corporation* (1966), 138 Ind. App.

---

1. The term "WORK" as defined in the license means the conduits and other facilities.

349, 213 N. E. 2d 329, we hold that Telephone did not indemnify Railroad against the damages here alleged. Such indemnity is not expressly provided and there is nothing in the language of the agreement to support a finding that such indemnification was intended by the parties. The authorities and the principles on which we reach this decision are all set out and fully discussed in *General Accident*. No useful purpose would be served by repeating them here.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Hoffman, C.J., and Staton, J., concur.

Sharp, J., not participating.

NOTE.—Reported in 270 N. E. 2d 337.