VERNON FIRE & CASUALTY INSURANCE COMPANY, ALBERT S. BANDY, BANDY INVESTMENT CORPORATION AND CITY HOLDING CORPORATION v. RAYMOND WILLIAM GRAHAM.

[No. 2-574A123. Filed November 13, 1975.]

510

*Thomas A. Withrow, C. Wendell Martin, Bredell, Martin & McTurnan,* of Indianapolis, for appellants.

*Evan S. Steger, James R. Fisher, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

SULLIVAN, P.J.—Plaintiffs below appeal from a summary judgment granted in favor of Raymond Graham, defendant. It is claimed that plaintiffs, or one or more of them, are entitled to indemnification from Graham for money paid by Vernon Fire & Casualty Insurance Company (Vernon), as insurer of the other plaintiffs, to a third party who was injured on premises leased to Graham (Lessee) by Albert S. Bandy (Lessor).

The sole issue for our determination is whether the lease requires Graham to indemnify Bandy against Lessor's own negligence. For purposes of this appeal, it was conceded that the Lessor's negligence proximately caused the injuries to the third party. If Lessor were not legally responsible for the injuries and nonetheless paid for them, the Lessor would not be entitled to indemnification. Indemnity does not cover losses for which the indemnitee is not liable, but which he voluntarily pays. *Indianapolis*

*Water Co.* v. *Nulte* (1890), 126 Ind. 373, 26 N.E. 72; *Indiana Trust Co.* v. *Beagley* (1938), 105 Ind. App. 502, 15 N.E.2d 758; *National Mutual Insurance Co.* v. *Maryland Casualty Co.* (1963), 136 Ind. App. 35, 187 N.E.2d 575.[1]

All parties concede and agree that Graham's motion for summary judgment should be treated by this court as a TR. 12(B)(6) motion to dismiss for failure of the complaint to state a claim upon which relief can be granted. As stated in 1 Harvey, *Indiana Practice*, at 607:

"A motion for dismissal and a motion for summary judgment reach essentially the same issue, and are tending to become convertible devices. . . ."

*See also Schwartz* v. *Compagnie General Transatlantique* (1968 C.A. 2nd Cir.), 405 F.2d 270. Our consideration of the issue is therefore confined to the face of the plaintiffs' complaint which incorporates the lease in question.

Contracts which provide indemnification for one's own negligence may if "knowingly and willingly" made, be valid and enforceable in Indiana. *Loper* v. *Standard Oil Co.* (1965), 138 Ind. App. 84, 211 N.E.2d 797; *Weaver* v. *American Oil Co.* (1972), 257 Ind. 458, 276 N.E.2d 144. However, such provisions are strictly construed and will not be held to provide indemnity unless so expressed in "clear and unequivocal" terms. *Norkus* v. *General Motors Corp.* (S.D. Ind. 1963), 218 F. Supp. 398, 399. We must decide, therefore, whether on their face, the lease provisions here in question are sufficiently clear and unequivocal to require the Lessee to indemnify the Lessor against Lessor's own negligence. If it is not, the Lessor can not recover under any set of facts provable within the framework

---

1. *Indiana Trust Co.* v. *Beagley* and *National Mutual Insurance Co.* v. *Maryland Casualty Co.* concern subrogation rather than indemnification. However, the rationale which denies subrogation to a volunteer is the same with respect to indemnification.

of the complaint. *Roberts* v. *State* (1974), 159 Ind. App. 456, 307 N.E.2d 501.

Appellants contend that the following clauses of the lease provide for such indemnification:

> "16. Lessor's Non-Liability. It is agreed that the Lessor shall not be liable to the Lessee or any other person on the demised premises or in the building by the Lessee's consent, invitation or license, expressed or implied, for any damage either to person or property, sustained by reason of the condition of said premises or building, or any part thereof, or arising from the bursting or leaking of any water, gas, sewer, or steam pipes, or due to the act or neglect of any employee of the Lessor, or the act of any co-tenant or any occupant of said building or other person therein, or due to any casualty or accident in or about said building.
>
> 17. Lessee's Liability. The Lessee agrees to be responsible for any damage to the property of the Lessor which may result from any use of the demised premises, or any act done thereon by the Lessee or any person coming or being thereon by the license of the Lessee, expressed or implied, and will also save the Lessor harmless from any liability to any other person, for damage to person or property resulting from any such causes."

Clause 16 is strictly an exculpatory clause, listing specific instances in which the Lessor shall not be liable to the Lessee or to persons validly on the premises. These include damages arising from (1) the condition of the premises; (2) bursting of pipes; (3) accidents on or about the premises; or (4) "the act or neglect of any employee of the Lessor." This latter designation exculpates the Lessor from liability to the Lessee for Lessor's own negligence, or for negligence attributable to Lessor vicariously.

Third persons not parties or privy to such a contract are not bound by it. *Paulus* v. *Latta* (1884), 93 Ind. 34; *Evansville & Southern Indiana Traction Co.* v. *Evansville Belt Ry. Co.* (1909), 44 Ind. App. 155, 87 N.E. 21. Thus a third party injured upon the premises

might properly recover against lessor for lessor's negligence. *See* Anno. 12 A.L.R. 3rd 958. The lessor's possible rights as against the lessee in such circumstances must then be fixed not in terms of the purported exculpation but rather in view of any provision for indemnity by the lessee in favor of the lessor. (*See* 57 Am. Jur. 2d, Negligence §§ 21 and 31 wherein the distinction between exculpation and indemnification is noted. *Compare Weaver* v. *American Oil Co., supra,* wherein the *lessee* was injured by negligence of the lessor.) Clause 16 is silent concerning indemnification by the Lessee for payments made by the Lessor to third parties.

Lessor's rights as against Lessee are described in Clause 17 of the lease. As in Clause 16, specific causes of damages are listed in Clause 17. They are, however, very different from those in Clause 16. In Clause 17 the Lessee agrees to be responsible for: (1) damage to the leased property resulting from use of it; (2) damage to the leased property resulting from acts of the Lessee or his licensees; and (3) damage to "any other person" for personal or property injury "resulting from any such causes." Thus, Clause 17 creates liability in the Lessee for damages to the property caused by his own and his licensees' use of and acts upon the property, and for damages to others arising from such acts and use.

Appellants assert that "any such causes" refers not only to the causes listed in Clause 17, but also to causes enumerated in Clause 16, and includes damages caused by the Lessor's own negligent acts. However, there are no references in Clause 17 to Clause 16, and nothing to suggest that the Lessee is to be liable for any damages caused other than as listed in Clause 17.

Appellants contend that *Weaver* v. *American Oil Co., supra,* requires exculpatory and indemnification clauses to be read together. The exculpatory and indemnification clauses in *Weaver* were contained in the same numbered clause of the lease, separated only by a semicolon. Furthermore, the exculpatory clause listed all possible types

of injury which could occur, and the indemnification clause merely stated that the Lessee would be liable for those injuries —that is, the indemnity clause depended upon the exculpatory clause to give it meaning. Here, the exculpatory and indemnification clauses are in separate numbered clauses, and each refer to different types of damages. They do not explicitly refer to one another, nor is there a necessary implication that they do so, as in *Weaver,* wherein the lessee was the party injured by the lessor's negligence.

In *General Accident and Fire Assurance Corp.* v. *New Era Corp.* (1966), 138 Ind. App. 349, 354-355, 213 N.E.2d 329, *Norkus* v. *General Motors Corp., supra* was discussed as follows:

> "On the other hand, in the *Norkus* case, *supra,* also similar to the factual situation in the case herein, it was held that an indemnity agreement which provided for indemnity by a subcontractor 'for all claims for damages to property or injuries to persons,' including employees of the general contractor and property owner 'growing out of the execution of the work' did not provide indemnity for the owner's own negligence which caused injury to subcontractor's employee.

> · Referring to the above language in the contract in the *Norkus* case, the opinion further stated:

> 'The language in the instant contract is well adapted to defining the area of application, but not to defining the cause in terms of physical or legal responsibility; the fact that a claim may grow out of the execution of the work whether caused by the negligence of the indemnitee, the indemnitor or a 3rd person, is the very reason why indemnity for the indemnitee's own negligence must be specially, not generally, prescribed.'

> This seems particularly applicable to the case at bar."

We hold that the lease between Bandy and Graham is not sufficiently clear and unequivocal to provide for indemnification against the Lessor's own negligence causing injury to third parties, under the standards of *Norkus* v. *General Motors*

*Corp., supra,* and *General Accident and Fire Assurance Corp.*
v. *New Era Corp., supra.*

We further hold that because such indemnity is not encompassed by the lease, none of the plaintiffs could recover upon their complaint under any provable set of facts.

The judgment is hereby affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 336 N.E.2d 829.