CITY OF GARY, a Municipal Corporation, Appellant (Defendant Below),

v.

STATE of Indiana ex rel. William CONDRON, Appellee (Plaintiff Below).

No. 3–378A71.

Court of Appeals of Indiana, Fourth District.

July 15, 1980.

Douglas M. Grimes, Gary, for appellant.

David N. Gilyan, Merrillville, for appellee.

YOUNG, Judge.

The City of Gary appeals from an order of mandamus requiring compliance with an order of the Gary Police Civil Service Commission. The issues, as stated by the City, are whether the trial court properly granted partial summary judgment in favor of the plaintiff-appellee, and whether the judgment granting back pay was supported by sufficient evidence.

In support of his Motion for Partial Summary Judgment, the plaintiff below, William Condron, offered evidence in the form of affidavits, testimony and documents, establishing the following.

Condron is employed by the City of Gary, Indiana, as a detective on the Gary Police Department, of which Charles Boone is the Chief of Police. During the months of November and December, 1974, Condron was assigned as a radio dispatcher in the radio room of the Gary Police Department. On or about December 10, 1974, Condron received a subpoena from the Gary Police

Civil Service Commission directing him to appear before the Commission on December 13, 1974, and to bring with him an automatic radio tape of a conversation between the radio dispatcher and two Gary police officers, which conversation occurred on November 15, 1974. The tapes delivered by Condron to the Commission were used as evidence in hearings being conducted by the Commission in a case entitled "In the Matter of the Investigation of The Black Horsemen Liquors Incident, Involving Gary Police Officers and Others." At the December 13, 1974, meeting of the Commission, the Commission directed Condron to retain possession of the tapes until further order of the Commission. On December 23, 1974, the Chief of Police, Charles Boone, ordered Condron to deliver the tapes to him. Condron retained the tapes in obedience to the Commission. On January 1, 1975, and on every seventh day thereafter, Condron was suspended from pay and duty by the Chief of Police, Charles Boone, for continuous seven day periods through March 18, 1975, for failure to return the tapes to Boone. Condron filed an objection to the suspensions with the Commission on January 28, 1975. The Commission had been notified by Boone of each seven-day suspension and the reason therefor. On January 28, 1975, the Commission heard and upheld Condron's appeal by a two to one vote. They set aside his suspensions, ordered his return to duty with full back pay, and his personnel file cleared of any reference to the suspensions. They also ordered Condron to deliver the tapes to the Commission, which he subsequently did. On January 30, 1975, written notice of their decision was sent to the Chief of Police, Boone. That letter states:

You are hereby advised that on January 28, 1975, the Gary Police Civil Service Commission heard the appeal of Officer Condron in regard to consecutive seven day suspensions received by Officer Condron at your direction. These suspensions resulted from Officer Condron's obeyance [sic] to orders from the Police Civil Service Commission.

You are advised that the Commission has upheld the appeal of Officer Condron and

all suspensions in regard to Officer Condron's refusal to turn over radio tapes have been set aside and held for naught.

Neither the City of Gary, nor Charles Boone appealed the Commission's decision. On March 3, 1975, Boone ordered Condron continuously suspended from pay and duty for one day at a time commencing March 19, 1975, for each day Condron failed to return the tapes to him. On August 11, 1975, the Commission again instructed Condron to return to duty with full back pay. Boone continued to refuse.

In opposition to the Motion for Partial Summary Judgment, the City of Gary presented an affidavit of Douglas M. Grimes. In this affidavit it is stated that Grimes was an Assistant City Attorney for the City of Gary, that a search of the Commission's minutes discloses no hearing on January 28, 1975, of Condron's appeal, that no such hearing was ever conducted, and that he never represented the City of Gary at a hearing on a Petition Objecting to Suspension of Condron's. A second affidavit is that of the Reporter for the Commission. She stated that the records reflect and to the best of her recollection, no hearing was conducted on January 28, 1975, relative to Condron, and that the records do not reflect and she does not recall a transcript of such a hearing. She states further that it is her duty to transcribe hearings if the Commission chose to request it.

The minutes of the Commission's January 28, 1975, meeting include the following:

The hearing was recorded by Mrs. Nava-McCain.

The meeting was called to order at 7:30 p. m.

Dr. Smith is to contact Dr. Marie Edwards in order that the Patrolmen's exam be supervised.

There is a discussion on the Varella and Feeler cases.

There is a discussion relative to the discipline and/or the Commission's order to the Chief being disregarded.

Discussion on the Condron matter.

There is a motion by Mr. Jackson that Officer Condron bring the tapes to the Secretary of the Commission. It is seconded by Mr. White. The vote is taken, it is carried.

There is a motion by Mr. Jackson that Condron be paid all time lost because of holding tapes. Also that his personnel record be cleared and restored back to duty immediately. This motion is seconded by Mr. White. The motion is carried.

Finally, the City offered the testimony of Walter Smith and Douglas Grimes. Smith identified himself as a member of the Gary Police Civil Service Commission at the times pertinent to this appeal. We concentrate on a particular portion of his testimony that clarifies the nature of the controversy before the trial court. Smith testified that on January 28, 1975, there were only two scheduled hearings, neither of which involved Condron. When asked if there were a hearing of Condron's appeal, he responded, "No, that was no hearing." When questioned as to what did occur on that date relative to Condron, he testified as follows:

We were about to wind up—to adjourn the meeting. Mr. Gilyan [Condron's attorney] rose with a petition and presented it to the commissioner, indicating that he would like to have an immediate or a very quick decision on it. Now this is not uncommon with Mr. Gilyan; . . . This particular day, this the way the situation was handled, and it was by the vote of the commission two to one, that they make a decision that evening. They made a decision, but it was no hearing; it was, like I say [sic], he presented the petition, the commission voted on it, and told him a letter would be forthcoming.

.    .    .    .    .

Q. At the conclusion of Mr. Gilyan's remarks on January the 28th, 1975, what if anything, did the commission do in relation to his remarks?
A. They voted—
Q. Voted on what?
A. —in favor of the petition.
Q. You say they voted in favor of the petition?

A. Yeah. —of what the, the request that the petition propounded.

On cross-examination, Smith admitted that on occasion the Commission would make immediate decisions in matters where they are already apprised of the facts, and that with respect to Condron he had been aware that the Commission subpoenaed Condron to bring the tapes and that Boone had ordered their return. Re-cross examination includes the following questions and answers: "Q. The commission did issue a ruling and decision January 28th, 1975, to reinstate him [Condron]; is that correct?" "A. Right." "Q. And you disagreed with that ruling?" "A. I disagreed with that ruling."

City attorney Grimes then testified that there was no hearing on January 28, 1975, relating to Condron, that no notice of a hearing had been sent to him, and that he did not question Condron or represent the City in a hearing concerning Condron at that date.

The trial court found as follows:

The Court now finds that the Gary Police Civil Service Commission, in the only contemporaneous written record in regard to this matter, issued a directive stating that the appeal of Officer William Condron had been heard. There is no substantive evidence to dispute that determination by the Board, even though the particular method as to how the Commission conducted the matter may be in dispute. The Gary Police Civil Service Commission, as set forth in plaintiff's Exhibit 4, concerning the activities of the proceedings on January 28, 1975, stated in an official communication to the Chief of Police of the Gary Police Department in unequivocal terms that: ". . . On January 28, 1975, the Gary Police Civil Service Commission *heard the appeal* of Officer William Condron in regard to consecutive seven day suspensions received by Officer Condron at your direction." (Court added emphasis)

It is clear that the Commission itself officially determined that the matter in

question had been "heard" (Court added emphasis) and the officer reinstated, and the Court so finds.

There being no genuine issue as to the material fact of the official determination by the Board of its own action, the Court further finds that a partial summary judgment should be granted.

The City's Motion to Correct Error is not referred to specifically at any point in the City's brief. Ind.Rules of Procedure, A.R. 8.3(A)(7) requires that each error assigned in the Motion to Correct Errors which an appellant intends to raise on appeal must be specifically set forth in the brief. Further, the City's statement of the facts suffers some omissions. Nevertheless, we will review the City's allegations of error.

The City's attack on the partial summary judgment encompasses three points. Because only one was raised in the Motion to Correct Errors, we deem the remaining two waived. Ind.Rules of Procedure, T.R. 59(G).

■ The City argues that the partial summary judgment was improper because there was a genuine issue as to whether or not the proceeding before the Commission constituted a hearing within the meaning of that Commission's duly promulgated rules. It is readily apparent to us that the essence of the City's argument is not that there exists a material question of fact as to whether there had been a hearing of Condron's appeal. Rather, the City feels that what did occur was not a proper hearing in some unspecified way, and therefore pretends that there was no official determination at all. Clearly it is a question of law whether the proceedings of the Commission and its order were valid or not.

■ In light of this semantic dispute, the City's affidavits in opposition to the partial summary judgment fail to state sufficient specific facts to controvert the facts shown by Condron. For example, there is nothing to indicate that the Reporter would not have found a transcript of a "decision and ruling" with respect to Condron on January 28, 1975. Grimes did not say that he did not represent the City of Gary in a "discussion" of Condron's objection to suspensions on January 28, 1975, after which the Commission voted in Condron's favor. Affidavits which merely present legal conclusions do not further the City's opposition to partial summary judgment. *Podgorny v. Great Central Insurance Co.*, (1974) 160 Ind. App. 244, 311 N.E.2d 640, 647.

■ When reviewing the grant of partial summary judgment, facts set forth by the opponent's affidavits will be taken as true, depositions, admissions and such are liberally construed in the opponent's favor, and any doubt as to the existence of a genuine issue of material fact is resolved against the proponent. *Podgorny v. Great Central Insurance Co., supra*, 311 N.E.2d at 648. We cannot, however, read into affidavits specifics which are not there, nor can we ignore the testimony of Smith. Parties are bound by their witness' testimony unless later explained, modified or withdrawn. *State v. Tolliver*, (1965) 246 Ind. 319, 205 N.E.2d 672, 676; *American Optical Company v. Weidenhamer*, (1980) Ind.App., 404 N.E.2d 606. The City has urged only the propriety of the Commission's proceedings. We will accept the City's interpretation of its affidavits and testimony.

Because the City argued this issue as one of fact, before the trial court and on appeal, no portion of the City's brief makes any legal argument specifying the Commission proceeding's supposed deficiencies. Neither the Commission's enabling statute nor its duly promulgated rules are cited or discussed. Indeed, the City fails to demonstrate that this question is material, whether it is characterized as one of law or fact. The City admitted in its response to Condron's Request for Admissions that neither the City nor Police Chief Boone appealed the Commission's January 28th decision. We have no wish to encourage a practise of ignoring rather than appealing those Commission orders which the Police Chief considers to be of questionable formal validity. The City's brief offers neither authority nor argument in support of challenging the propriety of a Commission order for the first time as a defense to a mandamus action.

The City of Gary fails to demonstrate error in the entry of partial summary judgment on the issue of whether the Commission determined Condron's appeal. The issue which the City asserts precludes summary judgment is one of law, not fact, and is not properly before this Court for review. We find further that the City failed to preserve its second issue for review in that it was not specifically raised in the Motion to Correct Errors. *State ex rel. Williams v. Lugar*, (1979) Ind.App., 390 N.E.2d 210, 215.

We affirm.

MILLER, P. J., and CHIPMAN, J., concur.