**CENTER TOWNSHIP OF PORTER COUNTY, Indiana, Appellant (Third-Party Defendant Below),**

v.

**CITY OF VALPARAISO, Appellee (Third-Party Plaintiff Below).**

No. 3–780A211.

Court of Appeals of Indiana, Third District.

May 21, 1981.

Rehearing Denied July 2, 1981.

David L. Hollenbeck and Thomas F. Macke, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellant (third-party defendant below).

John E. Hughes and Richard A. Browne, Hoeppner, Wagner & Evans, Lowell, for appellee (third-party plaintiff below).

HOFFMAN, Presiding Judge.

The City of Valparaiso, in a third-party complaint, brought an action seeking indemnification against the Center Township of Porter County, Indiana. The trial court granted the City's motion for summary judgment and found that it is entitled to indemnification from the Township. Although this decision is on less than all the issues, the trial court certified the judgment as final and appealable, pursuant to Ind. Rules of Procedure, Trial Rule 54(B).

The action originally commenced with Mrs. Ruth Herak's complaint for personal injuries allegedly resulting from a fire which occurred in September of 1976 in Center Township, Porter County, Indiana. Mrs. Herak contends that the City was responsible for extinguishing the fire and its failure to do so was the proximate cause of a traffic accident in which her husband was killed and she was injured. The City filed a third-party complaint against the Township based on a fire protection agreement. Under the terms of that agreement, the City contracted to provide fire protection to the property and residents of Center Township for the calendar year 1976. In consideration therefore, the Township agreed to pay

the non-refundable sum of $35,000. The City's claim of indemnity rests on paragraph 8 of the agreement which reads:

"That the City of Valparaiso, Indiana, its agents, departments, officials, and governing boards shall be held harmless from any and all negligence, misconduct, malfeasance or misfeasance resulting under its performance of this contract, whether or not caused by or resulting from the activity of the Fire Department or any other participating agency or department or official of the City of Valparaiso, Indiana. The City is not a guarantor nor an insurer of the lives and property of the said Center Township and is responsible and bound only to the good faith performance of the terms and obligations of this contract."

The City successfully argued that, pursuant to this provision, the Township must defend against Mrs. Herak's complaint, pay all costs including attorney's fees, and indemnify the City in the amount of any judgment rendered against it. In opposition, the Township contends that paragraph 8 is an exculpatory clause, not an indemnity agreement. The Township further asserts that paragraph 8 is void as against public policy and that genuine issues of material fact exist which render summary judgment inappropriate.

■■ Contracts which provide indemnification for one's own negligence may be valid in Indiana if "knowingly and willingly" made. *Weaver v. American Oil Co.* (1971), 257 Ind. 458, 276 N.E.2d 144. Such agreements will be strictly construed and indemnity will not be permitted unless the circumstances under which the indemnity would be required are set forth in "clear and unequivocal" terms. In *Vernon Fire & Cas. Ins. Co. v. Graham* (1975), 166 Ind.App. 509, 336 N.E.2d 829, the challenged clause stated that "the lessee will save lessor harmless from any liability." In finding this clause insufficient, the Court found that an explicit reference to the indemnitee's negligence is required in a contract provision which purports to require indemnification therefore. Other recent cases in

which indemnification has been denied have also failed to clearly refer to losses arising from the negligence of the alleged indemnitee. For example in *Gen. Acc. & Fire, etc. v. New Era Corp.* (1966), 138 Ind.App. 349, 213 N.E.2d 329, the provision in question merely imposed an obligation "to protect and indemnify against all claims." In *State v. Thomas et al.* (1976), 169 Ind.App. 13, 346 N.E.2d 252 the contract recited that "the contractor shall indemnify the state because of any neglect of said contractor." And in *State v. Thompson* (1979), Ind.App., 385 N.E.2d 198 the parties agreed that "permittee shall assume all responsibility for any injury or damage." Accordingly these cases uniformly held that the "clear and unequivocal" test was not met.

By contrast, in the only recent case in which our courts have permitted indemnification against one's own negligence a specific reference to the indemnitee's own negligence was present. *Loper v. Standard Oil Company et al.* (1965), 138 Ind.App. 84, 211 N.E.2d 797. There the crucial language provided:

" '3. Lessor, its agent and employees shall not be liable for any loss, damage, injuries, or other casualty of whatsoever kind or by whomsoever caused to the person or property of anyone (including the lessee) on or off the premises, arising out of or resulting from the Lessee's use, possession or operation thereof, or from the installation, existence, use, maintenance, condition, repair, alteration or removal of any equipment thereon *whether due in whole or in part to negligent acts or omissions of the Lessor, its agents or employees; and the Lessee for himself, his heirs, executors, administrators, successors and assigns,* hereby agrees to indemnify and hold Lessor, its agents and employees, harmless from and against all claims, demands, liabilities, suits or actions (including all reasonable expenses and attorneys' fees incurred by or imposed on the Lessor in connection therewith) for such loss, damage, injury or other casualty. The Lessee also agrees to pay all reasonable expenses and attor-

neys' fees incurred by the Lessor in the event that the Lessee shall default under the provisions of this paragraph.'" (Emphasis added.)

211 N.E.2d at 798–799.

Likewise in the instant case the language of the contract clearly put the parties on notice that the indemnitor (Center Township) is liable for loss arising from the negligence of the indemnitee (City).

Disregarding irrelevant portions, the indemnity provision requires that the City "shall be held harmless from any and all negligence ... resulting under its performance of this contract, <u>whether or not caused by or resulting from the activity of the Fire Department or any other participating agency or department or official of the City of Valparaiso, Indiana.</u>" (Emphasis added.) This provision does indemnify the City against its own negligence in clear and unequivocal terms. To hold otherwise is to strip the underlined portion of any meaning or significance. *Bland v. L'Enfant Plaza North, Inc.* (1972 D.D.Cir.) 473 F.2d 156; *Lee v. Allied Chemical Corporation* (1976) La.App., 331 So.2d 608. *See also: Indemnity Insurance Co. v. Koontz-Wagner Electric Co.* (1955 N.D. Ind.) 131 F.Supp. 432; *Westinghouse Electric Co. v. Murphy, Inc.* (1967) 425 Pa. 166, 228 A.2d 656.

■ The Township next argues that the clause in question is void as against public policy. A two-pronged attack is launched, contending (1) the Township was in an unequal bargaining position with the City and (2) any exemption from liability is invalid if a party is charged with the performance of a public duty. It must be noted that in the absence of legislation to the contrary, there is ordinarily no public policy which prevents parties from contracting as they see fit. *La Frenz, Adm. v. Lake Co. Fair Bd. et al.* (1977), 172 Ind.App. 389, 360 N.E.2d 605.

■ Center Township attempts to take this case out of the general rule favoring freedom of contract by characterizing the agreement as an unconscionable contract of adhesion. However, this contract contains none of the features commonly identified with adhesion contracts. *Cf.: Weaver v.*

*American Oil Co., supra.* The indemnity agreement contained in paragraph 8 is not set out in fine print or buried within numerous provisions of a lengthy, mass produced form contract. Rather, the indemnity agreement is conspicuously set forth in a one and one-half page contract in standard type and the disputed portion is the eighth of only eight numbered paragraphs. This is not a contract entered into by grossly disparate bargaining powers, as is the case, for example, between a merchant and an uneducated consumer. Both parties to the present agreement are governmental entities with access to legal counsel who approached the matter of fire protection at arm's length. Both parties were free to bargain and negotiate the full terms of the agreement. No public policy has been violated in this regard.

■ The Township also asserts that public policy will not permit one who is charged with the performance of a public duty to contract away its public responsibility. One who is involved in transactions affecting the public interest may not "contract for indemnity against its own tort liability when it is performing either a public or a quasi public duty...." *La Frenz, supra,* at 608; Prosser, *Law of Torts,* § 68 at 442 (4th ed. 1971). These general rules correctly set forth the law in Indiana; however, the Township has misapplied the rules. Center Township, not the City of Valparaiso, is the governmental entity which owes a public duty to the citizens of the Township. Thus, the Township may not contract away its responsibility to provide fire protection by signing an agreement with the City. The final and ultimate duty to protect those citizens must rest with the Township. Based on this application of the rules, it is apparent that the indemnity agreement contained in this contract does not violate public policy by requiring the Township to bear the final responsibilities incurred in the performance of its public duty.

■ In its final argument, the Township asserts that summary judgment in favor of the City was improperly granted in

that two genuine issues of material fact existed. Both issues are allegedly raised by the affidavit of John Wiggins, Township Trustee for Center Township. His affidavit, in essence, states that the Township did not intend to enter into an indemnity agreement and it was not possible for the Township to obtain fire protection from any source other than the City. These conclusory statements are not sufficient to raise any genuine issues of material fact. Affidavits which merely present legal conclusions fail to raise a factual controversy. *City of Gary v. State ex rel. Condron* (1980), Ind.App., 406 N.E.2d 1231, at 1235. Furthermore, to be sufficient as a basis for showing the existence of a genuine issue of material fact, the affidavit must set forth facts which would be admissible in evidence and must show affirmatively that the affiant is competent to testify to the matters stated therein. Ind. Rules of Procedure, Trial Rule 56(E). The trustee's statement as to the intention of the parties when entering into this agreement is inadmissible as parol evidence.

> " ' . . . [A]ll oral negotiations or stipulations between the parties, which preceded or accompanied the execution of the instrument, are to be regarded as merged in it, and the latter is to be treated as the *exclusive medium* of ascertaining the agreement to which the contractors bound themselves.' " (Original emphasis.) *Swanson-Nunn Realty Co., Inc. v. Gentry* (1962), 134 Ind.App. 580, at 587, 186 N.E.2d 574, at 578.

Extrinsic evidence is not admissible to add to, vary or explain the terms of the written agreement. Clearly, no outstanding issues of material fact existed to prevent the trial court from granting summary judgment.

As the Supreme Court recently stated in *Shideler v. Dwyer* (1981), Ind., 417 N.E.2d 281:

> "The party opposing summary judgment is obliged to disgorge sufficient evidence to controvert the moving party's assertion that there exists no factual issue to be tried. *Pan American World Airways, Inc. v. Local Readers Service, Inc.* (1969), 143 Ind.App. 370, 240 N.E.2d 552.

\* \* \* \* \* \*

> " . . . Summary judgment is proper when there is no dispute or conflict regarding a fact that is dispositive of the litigation. *Letson v. Lowmater* (1976), 168 Ind.App. 159, 341 N.E.2d 785."

For these reasons, the judgment is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I respectfully dissent. Despite the majority's assertion that the clause-at-issue was drafted in "clear and unequivocal" terms, I am persuaded that this is not the case. It appears to me that the generalized language of the clause in question is not sufficient as to require indemnification for one's own negligence.

A contract which provides indemnification for one's own negligence is valid and enforceable in Indiana if it is "knowingly and willingly" made. *State v. Thompson* (1979), Ind.App., 385 N.E.2d 198; *Vernon Fire and Casualty Insurance Co. v. Graham* (1975), 166 Ind.App. 509, 336 N.E.2d 829. The provisions of such an agreement will be strictly construed. Because the assumption of indemnification for the indemnitee's own negligence is an onerous burden for the indemnitor, the contract will not be held to provide indemnity unless so expressed in "clear and unequivocal" terms. *State, supra; Norkus v. General Motors Corp.* (S.D. Ind.1963), 218 F.Supp. 398, 399. The language of the indemnity provision must address itself to the subject of the negligence of the indemnitee. It must also show, by its terms, a clear and unequivocal intention that the indemnitee was intended to be indemnified against his own negligence. *Indiana State Highway Commission v. Thomas* (1976), 169 Ind.App. 13, 346 N.E.2d 252.

The key question, for me, is whether the terms, as set forth in Paragraph 8, clearly

and unequivocally manifest a commitment "knowingly and willingly" made by the Township *to pay for the damages occasioned by any negligence of the City.*

After a review of various cases which deal with indemnification for one's own negligence, I am persuaded that Paragraph 8 is not an indemnification clause. Without a doubt, the language is clear and unequivocal as to the City's intent to "be held harmless from any and all negligence, misconduct, malfeasance or misfeasance resulting under its performance of this contract . . ." *There is, however, no language in this provision or any other provision which even suggests reimbursement or compensation for a loss.* Nowhere is the Township required "to protect and indemnify," [1] "to be responsible for any damage," [2] to "indemnify and save harmless" [3] or even to "assume all responsibility for any injury or damage." [4] The provision contains no mention of indemnification of the City by the Township in the event of the City's own negligence.[5]

I would conclude that Paragraph 8 does not clearly and unequivocally express an intent of both parties to indemnify the City for its own negligence. Because this provision is simply too vague to impose the "onerous burden" of indemnification upon the Township for any negligence on the part of the City, I would reverse the granting of the summary judgment.

Even if Paragraph 8 could, in any fashion, be construed as an indemnification clause, I judge its application to the facts-at-hand to be violative of public policy. It is against public policy for one involved in transactions affecting the public interest "to contract for indemnity against its own

tort liability when it is performing either a public or a quasi public duty . . ." *LaFrenz v. Lake Cty. Fair Bd.* (1977), 172 Ind.App. 389, 360 N.E.2d 605, 608. *See also, The Pennsylvania Railroad Co. v. Kent* (1964), 136 Ind.App. 551, 198 N.E.2d 615.

My analysis of the record indicates that the fire department of the City of Valparaiso was engaged in the performance of a public, rather than a private, duty in its attempt to extinguish a fire in Center Township. According to the *LaFrenz* criteria for determining whether particular contracts are affected with the public interest, I am persuaded that this Fire Protection contract was indeed a contract "affected with the public interest." *LaFrenz, supra,* 360 N.E.2d at 608, 609. A clause, exculpating a party charged with the performance of a public duty, from its own negligence in the performance of that duty, is violative of public policy. Prosser, *Law of Torts* § 68 at 442–444 (4th ed. 1971). I would not allow it to occur.

Fortunately, we are not without legislative guidance in this area. On June 7, 1937, IC 1971, 17–4–20–1 was amended by the legislature to provide a mechanism whereby a township trustee was authorized to contract with any nearby city, which had and maintained adequate fire-fighting equipment, for fire protection of the township. *See* IC 1971, 17–4–20–1 *et seq.* Recovery on a tort theory for injuries arising out of the performance of such a contract was precluded by the enactment of IC 1971, 17–4–45–1. There, the legislature stated:

"Fire protection contracts—Tort liability.—In addition to any power for the execution of contracts by the trustee of any township with any city of the first class for fire protection service within

1. *General Accident and Fire Assur. Corp. v. New Era Corp.* (1966), 138 Ind.App. 349, 213 N.E.2d 329.

2. *Vernon Fire & Casualty Insurance Co. v. Graham* (1975), 166 Ind.App. 509, 336 N.E.2d 829.

3. *Indiana State Highway Commission v. Thomas* (1976), 169 Ind.App. 13, 346 N.E.2d 252.

4. *State v. Thompson* (1979), Ind.App., 385 N.E.2d 198.

5. The provision-at-issue appears to be exculpatory in nature. The distinction between an indemnification clause and an exculpatory clause was drawn by the Court in *Weaver v. American Oil Company* (1970), Ind.App., 261 N.E.2d 99 (reversed on other grounds) at 257 Ind. 458, 276 N.E.2d 144. *See also, Vernon Fire & Casualty Insurance Co., supra,* 336 N.E.2d at 831.

such township, power is hereby conferred upon all cities of the first class that have and maintain fire-fighting equipment for protection against fires, to execute contracts, by and through their proper authorities, with any other cities or towns, by and through their proper authorities, or with any person, firm, or corporation, interested in any property needing such fire protection, which property is located outside of the corporate boundaries of the city of the first class which has such aforesaid fire equipment; all upon such consideration and such terms and conditions, other than those expressed by this act [17–4–45–1], as may be so mutually agreed upon by the parties to any such contract: Provided, however, That no liability in tort of any kind under any such contract, or otherwise, shall attach to any city of the first class, or to any officials or employees thereof, so rendering, or agreeing to render, such service or using such equipment, arising out of any act or omission therein resulting in any injury, loss, or damage to any such contracting party, or to any one else . . . . "

I note that IC 1971, 17–4–45–1 is directed to the potential tort liability of a *first-class* city. According to IC 1971, 18–2–1–1, Valparaiso is a third-class city. If the legislature had intended to broaden the scope of this statute, then it certainly would have included other classes of cities in its formulation. It did not. IC 1971, 17–4–45–1 is limited to cities of the first class. We may not add something to a statute which the legislature has purposely omitted. *Poyser v. Stangland* (1952), 230 Ind. 685, 106 N.E.2d 390; *Town of Schererville v. Vavrus* (1979), Ind.App., 389 N.E.2d 346. I am persuaded, therefore, that to allow the City of Valparaiso to exculpate itself, by contract, from its own negligence in the performance of a public duty and then to seek indemnification is clearly impermissible. I would reverse the granting of the summary judgment.