KEITH A. LETSON, A MINOR, BY CURTIS F. LETSON, HIS NEXT FRIEND; AND CURTIS F. LETSON *v.* SIGNE LOWMASTER.

[No. 3-774A131. Filed February 19, 1976.]

*John Kappos, Hawk P. C. Kautz,* of Merrillville, *Jake W. Rubin,* of Merrillville, for appellants.

*Kizer, Neu, Joyce & Rockaway,* of Plymouth, *Chipman, Morrison & Humphrey,* of Plymouth, for appellee.

GARRARD, J.—On June 17, 1971, Curtis Letson took his family camping. They went to a camping area near the Tippecanoe River on a farm owned by Signe Lowmaster. Mrs. Lowmaster charged a fee of fifty cents per night for campers. On the night of June 17, several other families were also using this campground. About 10:30 p.m., Curtis' son Keith, who was six years old, went down to stand by a campfire that someone had built near the river. Moments later there was a popping noise, like a small explosion, and Keith was struck in the left eye by something. As a result of this injury, he lost the sight in his eye.

This action was commenced against Lowmaster to recover for the injury, alleging her negligent operation and maintenance of the campground. After Keith and Curtis Letson and Mrs. Lowmaster had been deposed, the defendant moved for summary judgment. The trial court granted the motion, and this appeal followed. The issue presented to us is whether the court correctly determined that there was no genuine issue of material fact and that Lowmaster was entitled to judgment as a matter of law.

Our decisions construing TR. 56 and its predecessor statute make it clear that the purpose of the summary judgment provision is not to evade jury trials or have the judge weigh the evidence to determine where the preponderance lies in advance of its being presented. *See, e.g., Central Realty, Inc.* v. *Hillman's Equipment, Inc.*

(1969), 253 Ind. 48, 246 N.E.2d 383; *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688; *Wozniczka* v. *McKean* (1969), 144 Ind. App. 471, 247 N.E.2d 215. Summary judgments are appropriate only where there is no genuine issue as to any material facts, and the party is entitled to judgment as a matter of law. Thus, even where the facts are undisputed, the ability to reasonably draw from them conflicting inferences which would alter the outcome will make summary judgment inappropriate. *Wozniczka, supra.* On the other hand, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation. *Aafco Heating and Air Conditioning Co.* v. *Northwest Publications, Inc.* (1974), 162 Ind. App. 671, 321 N.E.2d 580.

Letson correctly points out that upon the facts disclosed in the depositions and the inferences that they might support, there appears to be a genuine issue as to the possible negligence of Lowmaster. However, we do not perceive that as the basis for the court's ruling.

The depositions disclose that on the night in question, Keith went down by the campfire. A noise was heard and immediately thereafter something struck him in the left eye. No one knows or has been able to discover what that something was. No physical evidence was discovered from which the answer might be reasonably inferred. It would be reasonable to infer that whatever struck him was related to the noise that was heard. It could also be inferred that it came from the campfire. However, the depositions disclose that there is simply no evidence as to what the object was, how it got into the campfire, or when it got there. It is asserted that it might have been something from an aerosol can or perhaps a fragment from a round of live .22 caliber ammunition, yet no one observed a can or a bullet; Mrs. Lowmaster did not permit hunting in the area; and Letson had never seen anyone have ammunition around the campground.

A jury might have found that Mrs. Lowmaster was negligent in maintaining the campground, but that would not be enough. To establish liability, there must be some evidence of probative value that her negligence proximately caused the injury to Keith.

In *Surratt* v. *Petrol, Inc.* (1974), 160 Ind. App. 479, 312 N.E.2d 487, we considered the propriety of summary judgment on two issues of causation where the critical question was whether the causation could be considered proximate.

Here the factual context is different. As a business invitor, Lowmaster owed a duty to Letson, an invitee, to exercise reasonable care for his safety. She was not, however, an insurer of his safety, and would not be liable for conditions from which no unreasonable risk was to be anticipated, or from conditions of which she was unaware and in the exercise of reasonable care could not have discovered. *Hammond* v. *Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821.

Thus, without any evidence of what struck Keith in the eye, or when, or how it got into the campfire (assuming it came from the fire), any finding that the injury was proximately caused by Lowmaster's negligence in inspecting, maintaining or failing to warn of dangers of which she knew or in the exercise of reasonable care should have known, could only be based upon guess, surmise, conjecture or speculation. Under such circumstances there would be no question to submit to the trier of fact, and Lowmaster would be entitled to judgment as a matter of law. *See, Orey* v. *Mut. Life Ins. Co. of N.Y.* (1939), 215 Ind. 305, 19 N.E.2d 547; *Burke* v. *Burke* (1963), 135 Ind. App. 235, 191 N.E.2d 530; *accord, Evansville American Legion* v. *White* (1958), 239 Ind. 138, 154 N.E.2d 109; *Blankenbaker* v. *Great Central Life Ins. Co.* (1972), 151 Ind. App. 693, 281 N.E.2d 496.

Although unargued by Letson, we believe our examination must be carried one step further. Should the possibility, how-

ever slight, that Letson could secure some evidence as to what caused the injury so as to permit the case to go to the jury if a trial was subsequently had, make summary judgment inappropriate?

Indiana Rules of Procedure, Trial Rule 56(E) provides in part,

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.*" (Our emphasis)

This portion of the rule cannot be disregarded. The failure of the opposing party to file affidavits, etc. will not by that fact alone render him liable to judgment. TR. 56(C); *Walker* v. *Statzer* (1972), 152 Ind. App. 544, 284 N.E.2d 127. On the other hand, where the materials filed by the moving party do establish the lack of any genuine issue of material fact, it is incumbent upon the opposing party to comply with the above-quoted requirement of TR. 56(E). If he does not do so *and* upon the basis of the materials before the court, the movant is entitled to judgment *as a matter of law,* summary judgment may be entered against him.[1]

Furthermore, TR. 56(F) contemplates the kind of situation within which Letson found himself at the hearing on the motion. It provides,

"Should it appear *from the affidavits of party opposing the motion* that he cannot *for reasons stated* present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (Our emphasis)

1. If the materials before the court are merely sufficient to show a potential preponderance of the evidence so that the court would be required to weigh the evidence, or if it is otherwise not established that as a matter of law the movant is entitled to judgment, summary judgment is inappropriate. *See, Podgorny* v. *Great Central Ins. Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

Letson filed no such affidavits. In fact, in argument he candidly admitted that to his knowledge, there was no evidence he might secure that would have any probative value to establish what caused the injury.

The summary judgment was properly granted.

Affirmed.

Hoffman, J. and Lybrook, J., concur.

NOTE.—Reported at 341 N.E.2d 785.