GREAT LAKES COMPANY, an Indiana General Partnership, and Turtle Creek Ltd., an Indiana Limited Partnership, Plaintiffs–Appellants,

v.

MERRILL A. JONES & ASSOCIATES, INC., Allen's Electrical Services Co., Inc., and Jackson's Realty & Builders Company, Inc., Defendants–Appellees.

No. 1–480A75.

Court of Appeals of Indiana, First District.

Nov. 5, 1980.

R. D. Zink, Meils, Zink, Thompson & Glass, Indianapolis, for plaintiffs–appellants.

Joseph M. Dietz, Ivan D. Floyd, Rocap, Rocap, Reese & Young, Indianapolis, for defendant–appellee, Jackson's Realty & Builders Co., Inc.

John J. Sullivan, Indianapolis, for defendant–appellee, Merrill A. Jones & Associates, Inc.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Plaintiffs–appellants Great Lakes Company and Turtle Creek Ltd. (referred to in this opinion as Great Lakes) challenge the granting of a motion for summary judgment in favor of defendant–appellee Jackson's Realty & Builders Company, Inc. (Jackson) in an action brought to recover for damage caused a building by fire.

## FACTS

Construction of Turtle Creek Apartments in Indianapolis was completed in 1964. A fire occurred in Turtle Creek Apartment Building No. 7 on January 19, 1977. Investigators believed that the fire had started at a connection between feeder conductors and busbars in an electrical panelboard located in the basement. Excessive heat apparently resulted from a current overload of the panelboard and the feeder conductors. Investigators determined that the feeder conductors were improperly fused and both the feeder conductors and the panelboard were underrated for the total connected load.

Great Lakes had purchased the apartments in 1974. This action was filed against Jackson and Merrill A. Jones & Associates, Inc. (Jones) and Allen's Electrical Services Co., Inc. (Allen) in an effort to recover for the damage caused by the fire. The trial court granted Jones' and Jackson's motions for summary judgment after concluding that IC 1971, 34–4–20–2 (Burns Code Ed.) barred the action against those parties. Great Lakes brings this appeal challenging the entry of summary judgment in favor of Jackson.

## ISSUE

Did the trial court err in concluding that no genuine issue of material fact exists and that Jackson is entitled to judgment as a matter of law?

## DISCUSSION AND DECISION

A summary judgment is appropriate only if no genuine issue exists as to any material fact and the party is entitled to judgment as a matter of law. *Letson v. Lowmaster,* (1976) 168 Ind.App. 159, 341 N.E.2d 785. The moving party bears the burden of establishing that no material facts are in issue. Products of discovery must be liberally construed in favor of the non–moving party. Any doubts as to whether a genuine issue of material fact exists must be resolved against the moving

party. *Hale v. Peabody Coal Co.*, (1976) 168 Ind.App. 336, 343 N.E.2d 316.

IC 34–4–20–2, as of January 19, 1977, provided as follows: [1]

"No action to recover damages whether based upon contract, tort, nuisance, or otherwise,

(a) for any deficiency, or alleged deficiency, in the design, planning, supervision or observation of construction of an improvement to real property, or

(b) for an injury to property, either real or personal, arising out of any such deficiency, or

(c) for injury to the person, or for wrongful death, arising out of any such deficiency,

shall be brought against any person performing or finishing the design, planning, supervision or observation of construction of an improvement to real property, unless such action is commenced within ten [10] years from the date of substantial completion of such improvement."

Great Lakes contends that a genuine issue of material fact exists as to whether Jackson's role included activities other than "design, planning, supervision or observation of construction," the activities listed in IC 34–4–20–2.

Rhetorical paragraph number four of the complaint reads as follows: "Defendants did negligently plan and install said electrical wiring, switch boxes, junction boxes, and receptacles in said apartment buildings." Great Lakes provided the following answers to interrogatories:

QUESTION: "State the legal theory or theories which you contend give rise to liability on the part of Merrill A. Jones & Associates, Inc. for the fire of January 19, 1977, and the resulting damages."

ANSWER: "To the best of our knowledge, Merrill A. Jones & Associates, Inc. was the designer of the building in question. Such design was performed in a negligent manner, with violations

of the National Electric Code designed into the system. Further theories of liability may be developed pending completion of discovery."

QUESTION: "With respect to the allegation made in rhetorical paragraph 4 of plaintiffs' complaint that the defendants were negligent, state:

"(a) Each specific act or omission you allege amounts to negligence on the part of the defendant, Allen's Electrical Services Co., Inc., and the dates and places of the occurrence of such alleged negligence; . . . . "

ANSWER: "To the best of plaintiffs' present knowledge, defendant, Allen's Electrical Services Co., Inc. was the electrical contractor involved in the construction of the building in question. Defendant, Allen's Electrical Services Co., Inc. was negligent in installing the electrical wiring and circuitry in an improper and unsafe manner."

QUESTION: "With respect to the allegation made in rhetorical paragraph 4 of plaintiffs' complaint that the defendants were negligent, state:

"(a) Each specific act or omission you allege amounts to negligence on the part of the defendant, Jackson's Realty and Builders Company, Inc., and the dates and places of the occurrence of such alleged negligence; . . . . "

ANSWER: "To the best of plaintiffs' present knowledge, defendant, Jackson's Realty was the builder/developer and original owner of the building in question. They also acted as the prime contractor with overall responsibility for the construction of the building in question. *Defendant, Jackson's Realty was negligent in allowing the electrical wiring and circuitry to be installed in an improper and unsafe manner.*" (Our emphasis)

■ Jackson served as prime contractor but entered into a fixed–bid contract for Allen to serve as electrical contractor. Al-

---

1. The section was amended later to include construction as well as design, planning, super-

vision, or observation of construction. IC 1971, 34–4–20–2 (Burns Code Ed., Supp. 1980).

len installed the electrical circuitry and wiring. Great Lakes alleges that Allen installed the electrical wiring and circuitry in an improper and unsafe manner. Great Lakes also alleges that Jackson "allowed" Allen to install the electrical wiring and circuitry in an improper and unsafe manner. In this answer, which was not subsequently amended, Great Lakes charges Jackson with having incompetently performed a duty of supervision or observation of construction. After Great Lakes defined Jackson's alleged act of negligence, the trial court correctly granted summary judgment in favor of Jackson because IC 34-4-20-2 bars an action to recover damages for the negligent act alleged by Great Lakes to have been committed by Jackson more than ten years ago.

"[A] factual issue is 'material' if it bears on the ultimate resolution of relevant issues." *Stuteville v. Downing*, (1979) Ind. App., 391 N.E.2d 629, 631. Great Lakes insists that Jackson failed to prove that Jackson did nothing but design, plan, supervise, or observe construction of Turtle Creek Apartment Building No. 7. The relevant issues, however, are the following: (1) What are the specific acts of negligence with which Great Lakes has charged Jackson? According to the answer of Great Lakes, "Defendant, Jackson's Realty was negligent in allowing the electrical wiring and circuitry to be installed in an improper and unsafe manner." (2) Does IC 34-4-20-2 bar the action to recover damages for such acts of negligence? IC 34-4-20-2 bars recovery for Jackson's alleged deficiency in supervising and observing construction.

Great Lakes contends that IC 34-4-20-2 was intended to apply only to persons such as architects, engineers, and special consultants. This contention was rejected in *Luxurious Swimming Pools, Inc. v. Tepe*, (1978) Ind.App., 379 N.E.2d 992.

2. A master may be held liable for a tort committed by his servant while the servant is acting within the scope of employment. *Gibbs v. Miller*, (1972) 152 Ind.App. 326, 283 N.E.2d 592.

3. Great Lakes asserted in its motion to correct errors that a genuine issue of material fact

■ Great Lakes argues that Jackson's active participation in construction of any portion of the project denies Jackson benefit of IC 34-4-20-2. Great Lakes cites no authority and offers no rationale for this argument. The damage for which Great Lakes seeks recovery was allegedly caused by defects in the electrical system. The fact that Jackson itself may have constructed the foundation of the building, for example, is irrelevant because Great Lakes is not seeking recovery for a fire caused by a defective foundation.

After Great Lakes filed answers to interrogatories, Allen and Jackson answered certain interrogatories. Great Lakes insists that the subsequent answers created an issue concerning the relationship between Allen and Jackson. Jackson stated that Allen served as a subcontractor for construction of Turtle Creek Apartments and that Allen performed the electrical work for the project pursuant to a fixed-bid contract. Allen was asked what responsibility its field superintendent had in regard to insuring construction in accordance with specifications. Allen responded that it had no field superintendent but "the jobs were run by me [president of Allen] through Frank Jackson [president of Jackson]." According to Allen, both the president of Allen and the president of Jackson were responsible for insuring compliance with specifications.

■ Great Lakes contends there is a factual issue as to whether a master-servant relationship existed between Allen and Jackson.[2] Great Lakes identified no such issue in its motion to correct errors.[3] Errors not specifically stated are waived on appeal. *Guardiola v. State*, (1978) 268 Ind. 404, 375 N.E.2d 1105; *Macken v. City of Evansville*, (1977) Ind.App., 362 N.E.2d 202. Notwithstanding Great Lakes' waiver of any error, we have determined that no fac-

existed as to the "status" of Jackson. This assertion is not sufficiently specific to preserve for review an issue concerning a possible master-servant relationship between Jackson and Allen.

tual issue exists. In *Prest–O–Lite Co. v. Skeel*, (1914) 182 Ind. 593, 597, 106 N.E. 365, the Supreme Court wrote, "The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer does not render the person contracted with to do the work a servant." Allen simply indicated that Jackson's president as well as Allen's president had a duty to insure compliance with specifications.

■ According to Allen's answer to an interrogatory, Allen installed materials which were supplied by Jackson. Great Lakes asserts that, by providing the materials, Jackson exceeded the duties of designing, planning, supervising, and observing the construction. Great Lakes has alleged in this action that Jones designed violations of the National Electric Code into the electrical system, that Allen installed the electrical wiring and circuitry in an improper and unsafe manner, and that Jackson allowed the electrical wiring and circuitry to be installed in an improper and unsafe manner. Great Lakes has charged no one with negligence in the role of a supplier of materials. At most, Jackson erred in planning, supervising, or observing installation of materials which it supplied. IC 34–4–20–2 bars the action to recover damages from Jackson for such deficiencies.

■ In an effort to prove Jackson's liability for errors allegedly committed by Allen in 1963 or 1964, Great Lakes relies upon provisions from a contract which was prepared by The American Institute of Architects and copyrighted in 1970. This contract is not a part of the record and cannot serve as a basis for proving Jackson's liability for errors of Allen. If Great Lakes needed additional time for discovering evidence of the possible contractual obligation of Jackson, it should have utilized the provisions of Ind. Rules of Procedure, Trial Rule 56(F).

Having considered each of the arguments presented by Great Lakes, we conclude that the trial court properly granted Jackson's motion for summary judgment.

Judgment affirmed.

ROBERTSON, P. J., and NEAL, J., concur.