**J.C. ROWE and Janice J. Rowe, husband and wife, Appellants (Cross-Defendants below),**

v.

**SMALL BUSINESS ADMINISTRATION, an Agency of the United States Government, Appellee (Cross-Plaintiff below).**

No. 1-1082A318.

Court of Appeals of Indiana, First District.

March 23, 1983.

Rehearing Denied April 25, 1983.

Gary K. Kemper, Jenner & Kemper, Madison, for appellants.

Sarah Evans Barker, U.S. Atty., George E. Palmer, Asst. U.S. Atty., Robert E. Dwyer, Atty., Small Business Admin., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

J.C. Rowe and Janice J. Rowe (Rowes) appeal the entry of a summary judgment entered on behalf of the Small Business Administration (SBA).

We affirm.

The facts disclose that Madison Plaza, Inc. (Madison Plaza) sought to foreclose on two notes in the amounts of $1,800.57 plus interest and $3,504.35 indemnified by a mortgage of real estate owed by the Rowes. The first mortgage on the property was held by the Progressive Building and Loan Association (Progressive) and the second mortgage was held by SBA. Progressive filed a cross-complaint to foreclose the principal amount of $40,000 plus interest. The SBA also filed a cross-complaint to foreclose the principal amount of $20,000 plus interest. Both Progressive and the SBA alleged that the Rowes had defaulted, and sought to have a priority on their mortgages. On September 2, 1980, the SBA moved for summary judgment. The Rowes filed affidavits in opposition to the summary judgment motion, alleging that they were not aware that Progressive had assigned its mortgage. The SBA responded that it had purchased the notes held by Progressive, and that Rowes owed a principal sum of $54,608.42 and accrued interest of $12,227.64.

The trial court granted an *in personam* judgment on the principal sum and the accrued interest on July 20, 1982. The trial court also granted an *in rem* judgment against the real estate. The Rowes appeal this judgment and allege on appeal that Progressive assigned their mortgage to SBA without notice and did not comply with the requirements of Ind.Code 32–8–11–7.

The Rowes allege that Progressive's assignment of their mortgage to the SBA was invalid because there was no assignment noted in the margin of the records or by a separate instrument recorded in the mortgage records pursuant to I.C. 32–8–11–7. The Rowes argue that since SBA failed to

comply with the procedural requirements for an assignment, there exists a material question of fact regarding the validity of the assignment. The SBA argues that Ind. Code 32–8–12–1 is controlling.

■ When examining the granting of a motion for summary judgment, the reviewing court must determine whether a genuine issue of material fact exists and whether the trial court correctly applied the law. The burden is upon the moving party to establish that no genuine issue of material fact exists and any doubt must be resolved in favor of the non-movant. *Ang v. Hospital Corporation of America,* (1979) Ind.App., 395 N.E.2d 441. Where the materials filed by the moving party establish a genuine issue of material fact, the non-movant must set forth specific facts establishing a material issue of fact or the moving party is entitled to summary judgment. *Letson v. Lowmaster,* (1976) 168 Ind.App. 159, 341 N.E.2d 785. However, even if the facts are not in dispute, summary judgment is inappropriate where there are good faith dispute as to the inferences to be drawn from the facts. *Ang v. Hospital Corporation of America, supra.*

■ Our supreme court construed the prior enactment of I.C. 32–8–11–7 in *Connecticut Mutual Life Insurance Company v. Talbot, et al,* (1887) 113 Ind. 373, 14 N.E. 586. The court stated:

It is assumed everywhere, that if the recording acts afford the assignee of a mortgage the opportunity of giving notice of his rights by processing and putting of record an assignment of the mortgage neglect on his part to do so will estop him from asserting the invalidity of a duly recorded release by his assignor, after an innocent purchaser has paid his money on the faith of the public records. It is settled everywhere, that unrecorded assignments of mortgages are void against subsequent purchasers, whose interests may be affected thereby, and whose conveyances are duly recorded,

provided such assignment are embraced by the recording acts ... The effect of the act of 1877 construed in connection with section 2931, was to postpone or render assignments of mortgages void as against any subsequent purchaser or mortgagee in good faith, for a valuable consideration, unless such assignment were recorded as therein provided. (Citations omitted).

113 Ind. 376, 377, 14 N.E. 586.

We believe the case law clearly establishes that the recording provisions of I.C. 32–8–11–7 were enacted to protect subsequent purchasers and mortgagees.

■ There is no need to construe the provisions of I.C. 32–8–12–1 because the Rowes have failed to fall within the provisions of I.C. 32–8–11–7. The *Connecticut Mutual* case held that the purpose of I.C. 32–8–11–7 is to protect third party purchasers. The Rowes concede this, but argue they are third parties to the transaction. The Rowes have failed to cite any authority for the proposition that the mortgagor is a third party to an assignment by the original mortgagee, and the argument is waived. *See: Dominguez v. Gallmeyer,* (1980) Ind. App., 402 N.E.2d 1295. The mortgage required the Rowes to give notice of any sale or assignment, but not Progressive. We fail to see how the Rowes needed notice from the record to be aware of their obligations.[1] The Rowes have not presented any set of facts demonstrating that they would be subjected to multiplicity of payments or any other potential harm. Their attack on the assignment of the mortgage to the SBA is based upon a statute designed to protect third party purchasers, not mortgagors. The Rowes failed to establish specific facts demonstrating a genuine issue of material fact and thus, the trial court properly granted summary judgment. *See: Letson v. Lowmaster, supra.*

The judgment is affirmed.

RATLIFF and NEAL, JJ., concur.

---

1. In their affidavits, the Rowes have claimed that neither the mortgage held by Progressive nor SBA is in default. However, it is undisputed that the mortgage held by Madison Plaza is in default.