**Larry POOLE, Jeannine Poole, Bill J. Davis, Mary Davis, Appellants (Plaintiffs Below),**

**v.**

**Cornelius CORWIN, Cornelius Corwin, Sr., Mary Catherine Corwin, Camille M. Centers, Catherine Louise Corwin Rogers, Denise E. Twigg Cox, Stephen Roy Corwin, Any Unknown Widower or Widow, Heirs or Devisees of the Above Defendants, and any and all Persons Who May Claim any Interest in the Real Estate Described Herein, Appellees (Defendants Below).**

No. 4–182A20.

Court of Appeals of Indiana, Fourth District.

April 20, 1983.

Rehearing Denied May 27, 1983.

⚓114(1)

George O. Lopez, Lon R. Racster, William W. Hinkle, Hinkle & Racster, Portland, for appellants.

Tom D. Diller, Burl V. Whiteman, Whiteman, Shappell & Diller, Portland, for appellees.

YOUNG, Presiding Judge.

Plaintiffs-appellants Larry and Jeannine Poole and Bill and Mary Davis (hereinafter collectively referred to as Poole) filed this action to quiet title to certain real estate. The descendants of Cornelius Corwin (hereinafter collectively referred to as Corwin), defendants-appellees, filed an answer and a counterclaim to quiet title to the real estate in themselves. Poole appeals from a grant of summary judgment for Corwin. Although Poole raises several issues, we need consider only one:

Whether the trial court erred in granting summary judgment in favor of Corwin on the issue of adverse possession.

The relevant facts are as follows: On April 27, 1882, Cornelius Corwin and his wife conveyed by warranty deed a parcel of real estate to the Grand Rapids and Indiana Rail Road Company. The deed provided that "whenever the said Grand Rapids and Indiana Rail Road Company ..., their Successors or assigns shall fail to maintain their Passenger Depot ... upon said lot [lot adjoining the parcel being conveyed] ... then this deed shall be void, and the said Real Estate shall revert to the said C. Corwin, his heirs or assigns." This created a fee simple determinable, with a possibility of reverter in Cornelius Corwin and his heirs. A passenger depot has not been maintained on the adjoining lot since 1957. On April 25, 1980, the Penn Central Railroad Corporation, successor in interest to the Grand Rapids and Indiana Rail Road Company, sold the real estate in question to Poole. Poole subsequently initiated this action to quiet title. Poole moved for summary judgment, and, after a hearing, summary judgment was granted for Corwin.

Poole contends the trial court erred in granting summary judgment for the defendants because the uncontradicted facts show he was entitled to the land on the theory of adverse possession. On appeal from a grant of summary judgment, the only issues are whether there is a genuine issue of material fact and whether the trial court correctly applied the law. *Tekulve v. Turner*, (1979) Ind.App., 391 N.E.2d 673. There is no disagreement between the parties as to any material fact. The only question is whether the trial court correctly applied the law of adverse possession. For the doctrine of adverse possession to apply, the possession "must be adverse, actual, open, notorious, exclusive, continuous and under a claim of right for the prescribed statutory period." *McCarty v. Sheets*, (1981) Ind., 423 N.E.2d 297, 298. Addition-

ally, the adverse possessor must have paid the taxes on the property. Ind.Code 32–1–20–1. Poole argues he met all the requirements for adverse possession. Corwin contends that regardless of whether the other requirements were met, the possession was not hostile and was not under a claim of right[1] as a matter of law. Therefore, Corwin contends, the grant of summary judgment was correct.[2]

■ Corwin argues the Grand Rapids and Indiana Rail Road Company's initial entry on the land was in subserviency to Corwin's possibility of reverter and not hostile. Corwin contends he has the right to assume that the continued possession was in subserviency to his legal interest until he was notified the possession was under a claim of ownership contrary to his legal title. Neither Poole nor his predecessors ever gave actual notice of their intent to claim adversely to Corwin until the action to quiet title was filed. Therefore, Corwin concludes, the possession has not been hostile or under a claim of ownership for the statutory period. We agree with Corwin that where entry upon the land has been in admitted subordination to the title of another, the statutory period for adverse possession does not begin to run until the occupant clearly disclaims and disavows the title of the true owner. *See Hinkley v. State,* (1922) 234 N.Y. 309, 137 N.E. 599. The disclaimer must be clear, unequivocal and open. Corwin's argument fails, however, because it assumes there can be no such disclaimer absent actual notice of the intent to hold adversely. This assumption is incorrect. When hostile acts are so manifest and notorious that a reasonable owner should

have been aware of them, no further notice is required. *See Hinkley, supra; Hinman v. Barnes,* (1946) 146 Ohio St. 497, 66 N.E.2d 911. *See also Putnam v. Oklahoma City,* (1956) Okl., 296 P.2d 797.

■ Generally, whether the possessor's acts are so manifest and notorious as to constitute constructive notice is a question for the trier of fact. Where the evidence is particularly clear, however, constructive notice may be found as a matter of law. This case comes before us on appeal from the granting of a motion for summary judgment. On a motion for summary judgment, when the evidence presented by one party establishes the lack of any genuine issue of material fact, it is incumbent upon the opposing party to set forth specific facts showing there is a genuine issue of material fact. *Letson v. Lowmaster,* (1976) 168 Ind. App. 159, 341 N.E.2d 785; Ind.Rules of Procedure, Trial Rule 56(E). If he does not do so, and, based upon the materials before the trial court, the movant is entitled to judgment as a matter of law, summary judgment may be entered. *Letson supra.* Poole presented evidence that it was common knowledge that the railroad no longer maintained a passenger depot on the property, thus violating the condition in the original deed. Corwin did nothing to rebut this evidence. This undisputed evidence requires finding constructive notice as a matter of law. Thus, he established that his and his predecessors' possession was hostile. Poole presented evidence he and his predecessors met all the other requirements for adverse possession as well. Corwin presented nothing to raise any issue of material

1. The parties, as the courts often do, treated the requirements that the claim be "hostile" and "under a claim of right" as separate and distinct elements of adverse possession. The terms "under a claim of right" and "claim of ownership" mean only that the claimant intends to hold and use the land as his own to the exclusion of all others. *See Kline v. Kramer,* (1979) Ind.App., 179 Ind.App. 592, 386 N.E.2d 982, 988. Thus "under a claim of right" means no more than "hostile." If possession is hostile it is under a claim of right.

2. The trial court also found that Poole's and his predecessors' possession was not open, visible and notorious, actual or exclusive and that the taxes were not paid by Poole and his predecessors. The appellee wisely does not rely upon these findings of the trial court in his effort to support the trial court's decision. In light of the trial court's standards for determining the propriety of summary judgment, *see Tekulve v. Turner, supra,* these findings are clearly erroneous. Poole has established that his and his predecessors' possession was open, visible and notorious, actual and exclusive and that the taxes were paid.

fact or to show why summary judgment should not be entered for Poole. The trial court should have granted Poole's motion for summary judgment.

The trial court is reversed with instructions to grant Poole's motion for summary judgment.

MILLER and CONOVER, JJ., concur.