## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 21 2016, 8:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert J. Palmer
May Oberfell Lorber
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Matthew M. Golitko
Jared A. Harts
Golitko & Daly PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dukes Health System, LLC, d/b/a Dukes Memorial Hospital,

*Appellant-Defendant,*

v.

Christena Seifried,

*Appellee-Plaintiff.*

April 21, 2016

Court of Appeals Case No.
49A02-1506-CT-734

Appeal from the Marion Superior Court

The Honorable John F. Hanley, Judge

Trial Court Cause No.
49D11-1007-CT-32539

**Robb, Judge.**

# Case Summary and Issue

[1] Dukes Health System, LLC, d/b/a Dukes Memorial Hospital ("Hospital") appeals the trial court's judgment in favor of Christena Seifried in Seifried's action for personal injuries she suffered as a result of slipping and falling in one of the Hospital's hallways ("Hallway"). The Hospital raises two issues for our review, which we restate as (1) whether the trial court applied an incorrect legal standard, and (2) whether the trial court erred in basing its conclusion on a non-pleaded issue. Concluding the trial court did not apply an incorrect legal standard nor did it base its conclusions on a non-pleaded issue, we affirm.

# Facts and Procedural History

[2] On the morning of April 14, 2010, Betsy Wolfe, a Registered Dietician and Certified Diabetes Educator at the Hospital, prepared to teach the first of a three-part diabetes education class series; the class had been scheduled months in advance and was set to begin at 10:00 A.M. The classroom was located on the Hospital's first floor and the Hospital's lobby was located on the second floor. In order to reach the classroom from the Hospital's lobby, all attendees had to travel downstairs—either by stair or elevator—and walk through the Hallway. In other words, the attendees could not reach the classroom without walking through the Hallway.

[3] Just before 10:00 A.M., Pamela Tyler, a Hospital employee, mopped the Hallway. Tyler mopped the Hallway every day around the same time, but was

not aware the Hospital had scheduled a diabetes class that morning. Shortly after Tyler finished mopping the Hallway, Wolfe walked down the Hallway, observed four "caution wet floor signs," and adjusted her walking pace. Transcript at 10. Wolfe then took the elevator up one floor to the Hospital's lobby to see if any class attendees were searching for the classroom. Wolfe met Seifried, who was there to attend the diabetes class, in the lobby. Wolfe then escorted Seifried down the elevator because Wolfe thought it would be "easier" on Seifried. *Id.* at 15. Seifried did not observe any warning signs when she exited the elevator. Seifried then slipped and fell in the Hallway, suffering a complete tear of her left hamstring. After falling, Seifried observed her pants were wet. Wolfe claimed the warning signs were still present in the Hallway when Seifried fell.

[4] On July 23, 2010, Seifried filed a complaint for damages against the Hospital, alleging the Hospital was negligent:

> 4. On or about April 14, 2010, Plaintiff Christena Seifried was attending a class at Dukes Memorial Hospital when she slipped and fell on water that had been allowed to accumulate on the floor.
>
> 5. "Wet floor" signs were not present in the area of the fall.
>
> 6. Defendant Dukes Memorial Hospital was careless and negligent in one or more of the following ways:
>
> > a. Failure to provide a safe environment for its business invitees;

> b. Failure to warn its business invitees of the hazardous
> condition;
> c. Creating a hazardous condition for its business invitees;
> and
> d. Failure to discover and remedy the hazardous
> condition, thereby exposing its business invitees to the
> hazardous condition[.]

Appellant's Appendix at 13-14. After the Hospital filed its answer and the parties participated in discovery, the Hospital moved for summary judgment, which the trial court granted. Seifried appealed, and in a memorandum decision, we reversed the trial court's judgment and remanded for further proceedings. *Seifried v. Dukes Health System, LLC*, No. 49A02–1305–CT–435, slip op. at 4 (Ind. Ct. App. Feb. 19, 2014).

[5] A bench trial was held on April 21, 2015. At trial, it was undisputed using the Hallway was the only way Seifried could get to the classroom, Tyler had recently mopped the Hallway, and Seifried slipped and fell in the Hallway. The only relevant factual dispute was whether warning signs were present on the floor before Seifried slipped and fell. At the conclusion of the evidence, the trial court took the matter under advisement.

[6] On June 10, 2015, the trial court issued its findings of facts and conclusions thereon, entering judgment in favor of Seifried:

> (2) The hallway used by [Seifried] and Ms. Wolfe was the only
> route available to persons attending the class. There were only
> two (2) other possible routes to the classroom, both requiring the
> use of stairs: one was in a restricted area and the other was

characterized as very steep by Ms. Wolfe and available for use by staff only. Ms. Wolfe testified that she chose the route because of [Seifried's] diabetes and general physical condition.

* * *

(4) [Seifried] testified that there were no caution signs placed in the hallway at the time of her fall but that they were placed there subsequent to her fall. Ms. Wolfe and others disputed [Seifried's] testimony on this point. However, *regardless of whether or when caution signs were placed in the hallway*, [Seifried] slipped and fell on a wet floor that had just been mopped by one [Hospital] employee . . . and . . . was the route chosen by another [Hospital] employee . . . .

* * *

(11) Based on all of the foregoing, the Court finds that [Seifried] has incurred damages, without consideration of fault, in a total amount of One Hundred Eighty Thousand and 00/100 Dollars ($180,000.00).

(12) The Court, based on the evidence presented and its findings, assigns fault as follows: [Hospital] – 80% and [Seifried] – 20%. The Court therefore finds that [Seifried] is entitled to Judgment in the amount of One Hundred Forty-Four Thousand and 00/100 Dollars ($144,000.00).

Appellant's App. at 9-10 (emphasis added). The Hospital now appeals.

# Discussion and Decision

## I. Standard of Review

Here, the trial court entered findings of fact and conclusions thereon sua sponte.

> Our standard of review under this circumstance is well settled: specific findings control only as to issues they cover, and a general judgment standard applies to any issues upon which the

trial court has not made findings. We review such findings by determining whether the evidence supports the findings and whether the findings support the judgment. We will reverse only when the judgment is shown to be clearly erroneous, i.e., when it is unsupported by the findings of fact and conclusions entered thereon, or when the trial court applies an incorrect legal standard. We defer substantially to the trial court's findings of fact, but we evaluate conclusions of law de novo.

*In re Estate of Stayback*, 38 N.E.3d 705, 710 (Ind. Ct. App. 2015) (citations omitted). On appeal, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. *Samples v. Wilson*, 12 N.E.3d 946, 950 (Ind. Ct. App. 2014). We neither reweigh the evidence nor assess witness credibility. *Id.*

## II. Incorrect Legal Standard

[8] The Hospital contends the trial court applied an incorrect legal standard.[1] In support of this contention, the Hospital cites to paragraph four of the trial court's order, arguing the trial court used a standard more akin to strict liability. In paragraph four, the trial court found, "regardless of whether or when caution signs were placed in the hallway," Seifried slipped and fell on a wet floor that had just been mopped by one Hospital employee and was the route chosen by another Hospital employee. Appellant's App. at 10 (emphasis added). Specifically, the Hospital claims a finding as to when the caution signs were

---

[1] The Hospital does not challenge the trial court's findings of fact and conclusions thereon.

placed in the Hallway was required to determine (1) Seifried's knowledge of the risk, (2) the Hospital's exercise of reasonable care, and (3) Seifried's comparative fault. We disagree.

Seifried's action against the Hospital is grounded in negligence. In order to recover on a claim of negligence, a plaintiff must establish the defendant owed the plaintiff a duty, the defendant breached that duty, and as a result of the breach, the plaintiff suffered an injury. *Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 20 (Ind. Ct. App. 2015). Here, both parties agree Seifried was the Hospital's business invitee and the Hospital therefore owed Seifried a duty. Appellant's Brief at 9.

In Indiana, a property owner has a duty to maintain its property in a reasonably safe condition for business invitees. *Id*. However, a "landowner is not absolutely liable for . . . the invitee's safety." *Cergnul v. Heritage Inn of Indiana, Inc.*, 785 N.E.2d 328, 331 (Ind. Ct. App. 2003), *trans. denied*. Rather, Indiana has adopted the Restatement (Second) of Torts to address the requisite standard of care owed to a business invitee:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343; *see also Miller*, 45 N.E.3d at 20. In addition, Section 343 is meant to be read in conjunction with Restatement (Second) of Torts § 343A(1), which provides, "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*." (Emphasis added); *see also Miller*, 45 N.E.3d at 20. Whether there has been a breach of duty in a negligence action is generally a question of fact. *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 880 (Ind. Ct. App. 2011).

[11] We conclude the trial court did not use an incorrect legal standard for three reasons. First, we interpret the Restatement (Second) of Torts § 343A(1) as providing that a landowner may be liable for a business invitee's injuries if the landowner "should anticipate the harm despite knowledge or obviousness" of the danger, *regardless* of whether the danger is known or obvious to the invitee. Therefore, even assuming the trial court found Seifried had knowledge of the wet floor or the wet floor was obvious to Seifried, the Hospital still could be found negligent for breaching its duty if the trial court concluded the Hospital should have anticipated Seifried could suffer harm as a result of walking down the Hallway. *See id.*; *see also* Restatement (Second) of Torts § 343(b).

[12] Second, and consistent with our first point,

The duty of an invitor to exercise reasonable care for the safety of his invitees is an active and continuing one. It does not cease simply because the invitee learns of unsafe conditions on the premises, but the invitee's knowledge may . . . be considered in determining his fault.

*Get-N-Go, Inc. v. Markins*, 550 N.E.2d 748, 751 (Ind. 1990) (citation omitted). Therefore, *regardless* of whether Seifried had knowledge of the danger and incurred the risk, it would not be clearly erroneous for the trial court to conclude the Hospital breached its "active and continuing" duty to exercise reasonable care. *See id.* Whether Seifried knew of the danger is relevant to her fault, which takes us to our final point.

[13]     Incurred risk can operate as a defense to both strict liability and negligence claims. Incurred risk involves a mental state of venturousness on the part of the actor and demands a subjective analysis into the actor's actual knowledge and voluntary acceptance of the risk. Incurred risk will bar a strict liability (product liability) claim where the evidence is without conflict and the sole inference to be drawn is that the plaintiff had actual knowledge of the specific risk and understood and appreciated that risk. Incurred risk will eliminate a plaintiff's recovery in an action based on fault (negligence) if the plaintiff's contributory fault is greater than 50%.

*Smock Materials Handling Co., Inc. v. Kerr*, 719 N.E.2d 396, 402 (Ind. Ct. App. 1999) (citations and footnotes omitted). Here, the trial court heard conflicting evidence as to whether the caution signs were placed in the Hallway prior to Seifried slipping and falling, and the trial court did not specifically make a finding one way or the other. Ultimately, however, the trial court concluded

the Hospital was liable, Seifried suffered $180,000.00 in damages, the Hospital was 80% at fault, Seifried was 20% at fault, and awarded Seifried a reduced award of $144,000.00. If the trial court had used a strict liability standard, as the Hospital vehemently insists, the conclusion that Seifried incurred the risk would have completely barred her recovery. *See id.* However, the trial court—despite finding Seifried was 20% at fault—awarded Seifried a reduced damage award, which is consistent with negligence actions. *See id.* For the foregoing reasons, we conclude the trial court did not use an incorrect legal standard.

## III. Non-pleaded Issue

[14] The Hospital contends the trial court erred in basing its decision on a theory that was neither pled nor tried by implied consent. Specifically, the Hospital claims the sole allegation in Seifried's complaint was the Hospital did not place any caution signs warning her the floor was wet. Therefore, when the trial court based its decision on the fact a Hospital employee escorted Seifried through the Hallway rather than basing it on whether the Hospital placed warning signs in the Hallway, the Hospital did not receive notice as to the evidence to be presented at trial nor did it consent to the issue being litigated pursuant to Indiana Trial Rule 15(B).[2]

---

[2] The Hospital cites to portions of our decision in *Columbia Club, Inc. v. Am. Fletcher Realty Corp.*, 720 N.E.2d 411, 423 (Ind. Ct. App. 1999), *trans. denied*, where we discussed the Trial Rule 15(B). *See* Appellant's Br. at 15-16. If a litigated issue is not a part of the pleadings, Trial Rule 15(B) "allows an issue not pleaded by either party to be litigated at trial if the parties impliedly consent at trial." *Mercantile Nat. Bank of Ind. v. First Builders of Ind., Inc.*, 774 N.E.2d 488, 492 (Ind. 2002). In determining whether a party has impliedly consented to a non-pleaded issue, we consider first whether the opposing party had notice of the issue, and

Indiana utilizes the principles of notice pleading. *Shields v. Taylor*, 976 N.E.2d 1237, 1244 (Ind. Ct. App. 2012). "To state a claim for relief . . . a pleading must contain: (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for relief to which the pleader deems entitled." Ind. Trial Rule 8(A). A pleading is not required to "adopt a specific legal theory of recovery to be adhered to throughout the case[,]" nor is it required "to state all elements of a cause of action." *Shields*, 976 N.E.2d at 1244-45. Rather, a complaint need only plead "the operative facts so as to place the defendant on notice as to the evidence to be presented at trial." *Id.* at 1245.

> [W]hether a complaint sufficiently pleads a certain claim turns on whether the opposing party has been sufficiently notified concerning the claim so as to be able to prepare to meet it. *A complaint's allegations are sufficient if they put a reasonable person on notice as to why a plaintiff sues.*

*Id.* (emphasis added) (citations omitted).

At the outset, we acknowledge Seifried's complaint does not specifically allege the Hospital was negligent in having a Hospital employee escort Seifried down the Hallway. As noted above, a complaint's allegations are sufficient if they put a reasonable person on notice as to why a plaintiff sues. *Shields*, 976 N.E.2d at 1245. Here, Seifried's complaint alleged the Hospital was negligent in allowing

---

second, whether the opposing party objected to the issue being litigated at trial. *Id.* "If the opposing party both had notice and failed to object at trial, then that party will have impliedly consented to the non-pleaded issue at trial." *Id.* at 492-93.

water to accumulate on the floor, and as a result, Seifried slipped on the water, fell to the floor, and suffered injuries. With these allegations included in the pleadings, the Hospital knew Seifried's sole *issue*, claim, or theory, was that the Hospital was negligent in allowing water to accumulate on the floor, and at no point in the proceedings below did that change; the timing of the mopping, whether there were caution signs, the Hallway being the only Hallway an attendee could use to get to the classroom, and Wolfe escorting Seifried down the Hallway are all *facts* that could prove the Hospital's negligence. Therefore, we need not conduct an analysis under Trial Rule 15(B). We conclude Seifried's complaint satisfied Indiana's notice pleading standards and the trial court did not base its decision on a non-pleaded issue.

# Conclusion

[17] We conclude the trial court did not use an incorrect legal standard, nor did the trial court base its judgment on a non-pleaded issue. Accordingly, we affirm.

[18] Affirmed.

Barnes, J., and Altice, J., concur.