FILED

Jun 26 2020, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Richard K. Shoultz
Neal Bowling
Lewis Wagner, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Tara M. Worthley
Steven L. Langer
Valparaiso, Indiana

## I N  T H E
# COURT OF APPEALS OF INDIANA

Pioneer Retail, LLC,
d/b/a Wiseway Food,

*Appellant-Defendant,*

v.

Jane Jones,

*Appellee-Plaintiff*

June 26, 2020

Court of Appeals Case No.
20A-CT-83

Appeal from the Lake Superior
Court

The Honorable Calvin D.
Hawkins, Judge

Trial Court Cause No.
45D02-1507-CT-125

**Baker, Judge.**

[1] On February 15, 2014, Jane Jones slipped and fell on a sidewalk outside of the Wiseway Food grocery store, sustaining significant injuries. Jones then filed suit against multiple parties, among them Pioneer Retail, LLC (Pioneer),[1] for damages. Pioneer filed a motion for summary judgment, arguing that there was no genuine issue of material fact regarding which party owed a duty of care to Jones and, consequently, that it was entitled to judgment as a matter of law. The trial court denied Pioneer's motion, the matter proceeded to trial, and the jury ultimately returned a judgment in Jones's favor and held that Pioneer was 25% at fault for her injuries. Now, Pioneer appeals the trial court's denial of its motion for summary judgment,[2] contending that the trial court erred. Finding no error, we affirm.

## Facts

[2] Multiple actors factor into the backdrop of this case. Gateway Arthur, Inc. (Gateway), owns the property at 10839 Randolph Street in Crown Point, where the Wiseway Food grocery store is located. Emmes Realty Services, LLC (Emmes), is the management company for the property, and it contracted with DLC Landscape and Snow Removal, Inc. (DLC), to regularly clear snow, ice,

---

[1] Pioneer owns the grocery store known as "Wiseway Food." For purposes of this appeal and because there are so many entities involved in this litigation, Pioneer and Wiseway are one and the same.

[2] *See Keith v. Mendus*, 661 N.E.2d 26, 35 (Ind. Ct. App. 1996) (holding that "the denial of a motion for summary judgment is reviewable on appeal following a final judgment entered after trial on the merits[]").

and other debris from the property. Gateway leased the property to tenant Pioneer, which owns and operates the Wiseway Food grocery store.

[3]     On February 15, 2014, Jones was walking into Wiseway Food through its main entrance when she slipped and fell on the sidewalk immediately outside the store. It is undisputed that sometime before Jones parked and walked into the store, it had been snowing and that some snow and/or ice had accumulated on the sidewalk where Jones fell. After sustaining serious injuries from her fall, on May 6, 2015, Jones filed a complaint against Wiseway Food, which she later amended to include Pioneer. In two separate answers filed on June 15, 2015, and February 22, 2016, Pioneer claimed that it both was and was not the tenant of that property. Pursuant to a stipulation of the parties, Wiseway Food was dismissed and subsumed into Pioneer; Jones then subsequently added Gateway, Emmes, and DLC as defendants.

[4]     On June 27, 2019, Pioneer filed a motion for summary judgment, arguing that "it was Gateway, and not Pioneer that owed a duty to [Jones] to remove ice from the Common Area where [Jones] fell." Appellant's App. Vol. II p. 52 (emphases omitted). In support of its motion, Pioneer designated evidence in the form of (1) Jones's amended complaint; (2) Pioneer's answer to the amended complaint; (3) the deposition transcript of Jones; and (4) the deposition transcript of Emmes property manager Amy Giroud. Pioneer's proffered evidence attempted to show that Gateway was landlord of the property and the sidewalk was a common area that Gateway was solely responsible for maintaining. This evidence, Pioneer contends, demonstrates

that there is no genuine issue of material fact regarding which entity— Gateway—has exclusive ownership and control over the sidewalk in front of Wiseway Food. Therefore, Pioneer argues that it owed no duty of care to Jones as an invitee and, consequently, that it is entitled to judgment as a matter of law.

[5]     In her July 29, 2019, response to Pioneer's motion for summary judgment and in her counter-motion for summary judgment, Jones designated evidence in the form of (1) her amended complaint; (2) Pioneer's affirmative defenses; (3) the lease between Gateway and Pioneer; and (4) the deposition transcripts from Wiseway corporate designee Brett Gargano, assistant store managers Sam Liubakka, Tammy Bobey, and Chris Brown, and Jones herself. According to Jones:

> Wiseway/Pioneer's claim that it had no duty to its customers is unreasonable and baseless upon prevailing and clearly established Indiana legal precedents, [Pioneer's] own conduct *and* it's [sic] own witness's testimony which clearly establish its recognition of its duty to its customers separate and apart from its contract with Gateway. It defies logic that [Pioneer] would make the argument that it had no duty to its customers in the face of Brett Garganos' [sic] clear and unequivocal testimony to the contrary.

Appellant's App. Vol. III p. 102.

[6]     On September 26, 2019, the trial court held oral argument on all the pending summary judgment motions; the next day, on September 27, the trial court denied both Pioneer's original motion and Jones's counter-motion for summary judgment. Following certification, this Court denied Pioneer's motion for

interlocutory appeal on November 8, 2019. The matter then proceeded to a December 11, 2019, trial, at the conclusion of which the jury entered judgment in favor of Jones and awarded her $1,437,187.50 in damages. The jury found Pioneer to be 25% at fault and Gateway, Emmes, and DLC to collectively be 75% at fault for Jones's injuries. Pioneer was ultimately ordered to pay $479,062.50. Pioneer now appeals.

# Discussion and Decision

[7]     Pioneer's sole argument on appeal is that the trial court erred by denying its motion for summary judgment. Specifically, Pioneer contends that there was no genuine issue of material fact regarding which entity owed a duty of care to Jones. Pioneer argues that because it "exercised zero control of the area where [] Jones fell, as a matter of law, it owed her no duty," appellant's br. p. 12, and that summary judgment should have been awarded in its favor.

[8]     Our standard of a review for a motion for summary judgment is well settled:

> [W]hen we review a grant or denial of a motion for summary judgment, our standard of review is the same as it is for the trial court. The moving party must show there are no genuine issues of material fact and it is entitled to judgment as a matter of law. If the moving party carries its burden, then the non-moving party must present evidence establishing the existence of a genuine issue of material fact. In deciding whether summary judgment is proper, we consider only the evidence the parties specifically designated to the trial court. We construe all factual inferences in favor of the non-moving party and resolve all doubts regarding the existence of a material issue against the moving party.

*Knighten v. E. Chi. Hous. Auth.*, 45 N.E.3d 788, 791 (Ind. 2015) (internal citations omitted).

[9] To recover damages for negligence, a plaintiff must prove that (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff's injury was proximately caused by defendant's breach. *Robertson v. B.O.*, 977 N.E.2d 341, 344 (Ind. 2012). In its brief, Pioneer contests only whether it owed a duty of care to Jones. According to the evidence proffered by Pioneer, Gateway, as landlord of the property, was the exclusive owner of the sidewalk and was ultimately responsible for keeping it clear of accumulating snow and ice. Gateway's hiring of DLC to plow the sidewalk, Pioneer contends, further supports its argument that Gateway, and not Pioneer, was obligated to keep customers like Jones safe.

[10] However, Indiana caselaw directly contradicts Pioneer's central argument as to why it is entitled to judgment as a matter of law. It is well established that Pioneer, as a business entity, has a duty of care to its invitees. *See Lutheran Hosp. of Ind., Inc. v. Blaser*, 634 N.E.2d 864, 868 (Ind. Ct. App. 1994) (holding that "[t]he invitor has a duty to exercise reasonable care to discover defects or dangerous conditions on the premises, and he will be charged with knowledge of, and held liable for injuries which result from, any dangerous condition which he could have discovered in the exercise of reasonable care[]"). "The duty of an invitor to exercise reasonable care for the safety of his invitees is an active and continuing one." *Get-N-Go, Inc. v. Markins*, 550 N.E.2d 748, 751 (Ind. 1990). Moreover, "a party cannot contract out his duty to exercise reasonable

care with respect to third parties." *Morris v. McDonald's Corp.*, 650 N.E.2d 1219, 1222-23 (Ind. Ct. App. 1995).

[11] Therefore, as a matter of law, Pioneer owed *some* duty of care to Jones as an invitee. And the fact that Gateway is the landlord of the property and contracted with DLC to clear ice and snow does not summarily absolve Pioneer of liability regarding its duty of care to its invitees. Notwithstanding the lease, the surveillance footage, or the actions and testimony of Pioneer's or DLC's individual employees, Indiana law leads us to but one conclusion: that the trial court did not err when it denied Pioneer's motion for summary judgment.

[12] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.